Exhibit A



## PROMISSORY NOTE

$3,100,000.00                                                                                   January 16th, 2002

FOR VALUE RECEIVED, the undersigned Affinity Business Services, Inc., a Florida corporation (the "Borrower"), hereby promises to pay to the order of Amfinity Capital, L.L.C., assignee of Kenneth A. Hendricks, Diane M. Hendricks, Jeffrey W. Stentz, and Karl W. Leo, each individuals ("Lender"), at 200 Randolph Avenue, Suite 200, Huntsville, AL 35801 or at such other place as Lender may direct, in lawful money of the United States of America constituting legal tender in payment of all debts and dues, public and private, together with interest thereon calculated at the rate and in the manner set forth herein, the principal amount of Three Million One Hundred Thousand Dollars ($3,100,000.00), or so much thereof as may be advanced and outstanding hereunder.

1. **Payments.** The outstanding principal balance of the Note, together with any interest due hereunder, shall be due and payable in full nine (9) months from the date thereof. Borrower shall make eight (8) monthly payments of principal and interest as follows: (a) a first payment in the amount of $428,500.87 on March 16, 2002, (b) six (6) monthly payments in the amount of $402,171.95 on each of April 16, 2002, May 16, 2002, June 16, 2002, July 16, 2002, August 16, 2002, and September 16, 2002, and (i) a final eighth (8th) payment on October 16, 2002, equal to the remaining sum due hereunder.

2. **Interest.** All principal amounts due hereunder shall bear interest from the date hereof at the rate of ten percent (10%) per annum. Interest on all principal amounts outstanding from time to time hereunder shall be calculated on the basis of a 365-day year applied to the actual number of days upon which principal is outstanding, by multiplying the product of the principal amount and the applicable rate set forth herein by the actual number of days elapsed, and dividing by 365. In no event shall the rate of interest calculated hereunder exceed the maximum rate allowed by law. Any principal amounts outstanding hereunder after maturity shall continue to bear interest at the rates set forth herein.

3. **Prepayment** The sums due hereunder may be prepaid by Borrower, in part or in full, at any time, without paying any prepayment charge or penalty. If Borrower make a partial prepayment, there will be no changes in the due date unless the Lender agrees in writing to those changes.

4. **Events of Default.** Upon the occurrence of any one or more of the following events ("Events of Default"):

    (a) Default in the payment of the principal of or interest on this Note, as and when due and payable; or

    (b) Failure by Borrower to observe any covenant or obligation contained in any other instrument between the parties including but not limited to a breach of the Share Purchase Agreement between Borrower and Lender of even date herewith (the "Share Purchase Agreement") or the Security Agreement between Lender and Borrower of even date herewith; or

1



(c) Borrower becomes insolvent, or makes an assignment for the benefit of creditors, or a voluntary or involuntary case in bankruptcy, receivership or insolvency is commenced by or against either Borrower; or

(d) A levy, writ of attachment, garnishment, execution or similar process is issued against or placed upon Borrower or any property of Borrower; or

(e) At any time, the holder of this Note, for any reason in good faith, believes that the prospect of payment of performance of any indebtedness or obligation of Borrower is impaired;

then, at any time ten (10) days thereafter during the continuance of any such event, the holder may, upon written notice to the Borrower, declare this Note and indebtedness evidenced hereby to be forthwith due and payable, whereupon this Note and the indebtedness evidenced hereby shall become forthwith due and payable, both as to principal and interest, without presentment, demand, protest, or other notice of any kind, all of which are hereby expressly waived, anything contained herein or in any other instrument executed in connection with or securing this Note to the contrary notwithstanding.

5. **Waivers.** Except as expressly required herein, Borrower hereby waives all rights of notice or procedure, including without limitation demand, presentment for payment, notice of dishonor, protest, and notice of protest and diligence in collection or bringing suit and agrees that the holder hereof may accept partial payment, or release or exchange security or collateral, without discharging or releasing any unreleased collateral or the obligations evidenced hereby. Borrower further waives any and all rights of exemption, both as to personal and real property, under the constitution or laws of the United States, the State of Florida or any other state or country.

6. **Payment When Due Date Is Not a Business Day.** If payment hereunder becomes due and payable on a day which is not a business day, as that term is defined in generally accepted usage, the due date thereof shall be extended thereon until the next business day.

7. **Checks, Drafts, and Similar Items.** Checks, drafts or similar items of payment received by Lender shall not constitute payment, but credit therefor shall be given on the date the same is honored by Lender's depository bank and final settlement thereof is reflected by irrevocable credit to Lender's account in such bank.

8. **Refund of Excess Interest.** In no contingency or event whatsoever shall interest charged hereunder, however such interest may be characterized or computed, exceed the highest rate permissible under any law which a court of competent jurisdiction shall, in a final determination, deem applicable hereto. In the event that such a court determines that Lender has received interest hereunder in excess of the highest rate applicable hereto, Lender shall promptly refund such excess interest to Borrowers.

9. **Attorneys' Fees.** Borrower agrees to pay all attorneys' fees and costs incurred by the holder hereof in collecting or attempting to collect this Note, whether by suit or otherwise.

10. **Cumulative Remedies.** The remedies of the Lender provided in this Note and any other remedies available to Lender, at law or in equity, shall be cumulative and concurrent and may be pursued

separately, successively, or together at the sole discretion of the Lender, who may exercise them whenever necessary. The failure to exercise any right or remedy shall in no event be construed as a waiver or release of the right or remedy.

11. **Giving of Notices.** Unless applicable law requires a different method, any notice that must be given to Lender under this Note will be given by either delivering it or mailing it by first class mail to Karl W. Leo at 200 Randolph Avenue, Suite 200, Huntsville, AL 35801 or at a different address if Borrowers are given a notice of that different address.

Any notice that must be given to the Borrower under this Note will be given to them by either delivering it or mailing it by first class mail to the Borrower at Affinity Business Services, Inc., attn: Craig A. Vanderburg and James E. Baiers, 755 W. Big Beaver, Suite 1700, Troy, MI 48084 or at a different address if Lender is given a notice of that different address.

12. **Choice of Law and Severability.** This Note has been negotiated, and is being executed and delivered in DuPage County, in the State of Illinois; provided, however, that Lender shall have no obligation to give, nor shall Borrowers be entitled to receive, any notice of such acceptance for this Note to become a binding obligation of Borrower. To the extent allowed by applicable law, Borrowers hereby submits to jurisdiction in the State of Florida. This Note shall be governed by and be construed in accordance with the laws of the State of Florida without regard to its conflicts of laws principles. Whenever possible each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note.

13. **Captions and Headings.** The captions or headings at the beginning of each paragraph, section or subsection of this Note are for the convenience of the parties only and are not to be construed as defining, limiting, or expanding, in any way, the scope or intent of the provisions of this Note.

14. **Setoff Rights.** This Note is given in connection with the Share Purchase Agreement and is subject to the setoff rights set forth in Section 9(d)(vi) of such agreement.

15. **Miscellaneous.** As used herein, the terms "Borrower", "Lender" and "holder" shall be deemed to include their respective successors, legal representatives and assigns, whether by voluntary action of the parties or by operation of law. The provisions of this Note shall be binding upon Borrowers and their successors and assigns, and shall inure to the benefit of Lender and his successors and assigns. This Note may not be modified except by a written agreement signed by the Borrowers and the holder hereof, or by their respective successors or assigns.

IN WITNESS WHEREOF, Borrower has caused this Note to be executed, sealed and delivered as of the 16th day of January, 2002.

BORROWER:

AFFINITY BUSINESS SERVICES,

INC.

By: [signature]

s:\wp51\client20.02\urafinky\premise.doc

COPY

Craig A. Vanderburg, President