IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH A. HENDRICKS,
DIANE M. HENDRICKS, &
AMFINITY CAPITAL, LLC,

    Plaintiffs,

vs.          Case No.: 8:07CV661-T17EAJ

MIRABILIS VENTURES, INC.,
PRESIDION CORPORATION,
PRESIDION SOLUTIONS, INC.,
CRAIG A. VANDERBERG,
JAMES E. BAIERS, &
JOHN W. BURCHAM, II.

    Defendants.
_____

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MIRABILIS VENTURES, INC.

COMES NOW defendant, Mirabilis Ventures, Inc. ("Mirabilis"), and for its Answer to Plaintiffs' Complaint, states as follows:

1. Mirabilis is without knowledge as to the allegations contained in this paragraph, and it accordingly denies all such allegations.

2. Mirabilis is without knowledge as to the allegations contained in this paragraph, and it accordingly denies all such allegations.

3. Admitted.

4. Mirabilis is without knowledge as to the allegations contained in this paragraph, and it accordingly denies all such allegations.

5. Mirabilis is without knowledge as to the allegations contained in this paragraph, and it accordingly denies all such allegations.

6. Mirabilis is without knowledge as to the allegations contained in this paragraph, and it accordingly denies all such allegations.

7. Mirabilis is without knowledge as to the allegations contained in this paragraph, and it accordingly denies all such allegations.

8. Mirabilis is without knowledge as to the allegations contained in this paragraph, and it accordingly denies all such allegations.

9. Mirabilis admits the jurisdiction of this Court is proper; otherwise, Mirabilis denies the allegations of this paragraph.

10. Mirabilis admits that venue for this action is proper before this Court; otherwise, Mirabilis denies the allegations of this paragraph.

11–30. These paragraphs do not appear to contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

31. Mirabilis denies the allegations of this paragraph, except that, Mirabilis admits that on or about February 16, 2006, it executed a Purchase Agreement, Note, Loan Agreement, and Security Agreement (hereinafter collectively referred to as the "Transaction Documents"), and delivered them to Kenneth A. Hendricks and Diane M. Hendricks (collectively the "Hendricks").

32. Mirabilis denies the allegations of this paragraph, and each subpart, except that, Mirabilis admits that it entered into an agreement evidenced by the Transaction Documents, whereby it attempted to resolve the conflicts between various secured

creditors of Presidion and PSI, that were the original owners of the businesses that Presidion and PSI acquired prior to 2005, including the Hendricks, by assumption of their purportedly secured position as a creditor of PSI for the total amount of $2,847,196.39.

33. The Transaction Documents, including but not limited to the Purchase Agreement, speak for themselves. To the extent this paragraph contains further allegations against Mirabilis, those allegations are denied.

34. Mirabilis denies the allegations of this paragraph, except that, Mirabilis admits that Baiers and Vanderburg each executed Guaranties guaranteeing the indebtedness allegedly owed pursuant to the Transaction Documents.

35. This paragraph does not appear to contain any allegations against Mirabilis. To the extent this paragraph does contain allegations against Mirabilis, those allegations are denied.

36. Mirabilis admits only that it made a payment to the Hendricks on or about January 9, 2007, pursuant to the terms of the Transaction Documents, and that no further payments have been made since. The remaining allegations contained in this paragraph are denied.

37. Denied.

### COUNT 1 – MIRABILIS BREACH OF PURCHASE AGREEMENT

38. Mirabilis adopts and incorporates its responses to paragraphs 1-37 above as if fully set forth herein.

39-40. The Transaction Documents, including but not limited to the Purchase Agreement, speak for themselves. To the extent this paragraph contains further allegations against Mirabilis, those allegations are denied.

41. Mirabilis admits only that the Hendricks notified Mirabilis of an alleged breach pursuant to the terms of the Transaction Documents. The remaining allegations contained in this paragraph are denied.

42. Denied.

**COUNT 2 – MIRABILIS BREACH OF NOTE AND LOAN AGREEMENT**

43. Mirabilis adopts and incorporates its responses to paragraphs 1-42 above as if fully set forth herein.

44. The Transaction Documents, including but not limited to the Note, speak for themselves. To the extent this paragraph contains further allegations against Mirabilis, those allegations are denied.

45. Mirabilis admits only that it made a payment to the Hendricks on or about January 9, 2007, pursuant to the terms of the Transaction Documents, and that no further payments have been made since. The remaining allegations contained in this paragraph are denied.

46. Mirabilis admits only that the Hendricks notified Mirabilis of an alleged breach pursuant to the terms of the Transaction Documents. The remaining allegations contained in this paragraph are denied.

47-49. The Transaction Documents, including but not limited to the Note, speak for themselves. To the extent these paragraphs contain further allegations against Mirabilis, those allegations are denied.

### COUNT 3 – MIRABILIS BREACH OF SECURITY AGREEMENT

50. Mirabilis adopts and incorporates its responses to paragraphs 1-49 above as if fully set forth herein.

51-52. The Transaction Documents, including but not limited to the Security Agreement, speak for themselves. To the extent these paragraphs contain further allegations against Mirabilis, those allegations are denied.

53. Denied.

54. Mirabilis admits only that the Hendricks notified Mirabilis of an alleged breach pursuant to the terms of the Transaction Documents. The remaining allegations contained in this paragraph are denied.

55. Denied.

56. Denied.

57. The Transaction Documents, including but not limited to the Security Agreement, speak for themselves. To the extent this paragraph contains further allegations against Mirabilis, those allegations are denied.

### COUNT 4 – VANDERBURG BREACH OF GUARANTIES

58. Mirabilis adopts and incorporates its responses to paragraphs 1-57 above as if fully set forth herein.

59–61. These paragraphs do not appear to contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

62. Mirabilis admits only that the Hendricks notified Mirabilis of an alleged breach pursuant to the terms of the Transaction Documents. The remaining allegations contained in this paragraph are denied.

63. Denied.

64–65. These paragraphs do not appear to contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

## COUNT 5 – BAIERS BREACH OF GUARANTIES

66. Mirabilis adopts and incorporates its responses to paragraphs 1-65 above as if fully set forth herein.

67–69. These paragraphs do not appear to contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

70. Mirabilis admits only that the Hendricks notified Mirabilis of an alleged breach pursuant to the terms of the Transaction Documents. The remaining allegations contained in this paragraph are denied.

71. Denied.

72–73. These paragraphs do not appear to contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

### COUNT 6 – BURCHAM BREACH OF GUARANTY

74. Mirabilis adopts and incorporates its responses to paragraphs 1-73 above as if fully set forth herein.

75-78. These paragraphs do not appear to contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

### COUNT 7 – PSI BREACH OF THIRD REPLACEMENT PROMISSORY NOTE

79. Mirabilis adopts and incorporates its responses to paragraphs 1-78 above as if fully set forth herein.

80-83. These paragraphs do not appear to contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

### COUNT 8 - PRESIDION BREACH OF REGISTRATION RIGHTS AGREEMENT

84. Mirabilis adopts and incorporates its responses to paragraphs 1-83 above as if fully set forth herein.

85-91. These paragraphs do not appear to contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

92. Unless expressly admitted above, Mirabilis denies the material allegations of the Original and Amended Complaints.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' claim for damages for breach of contract is precluded by Plaintiffs' own fraud.

### SECOND DEFENSE

Plaintiffs' claims are barred under the doctrine of unclean hands or *in pari delicto*.

### THIRD DEFENSE

Mirabilis is entitled to recoupment or set-off for the damages caused as a result of the unpaid payroll taxes owed by of ABS, Paradyme, and Paradyme Brokers.

### FOURTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

### FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrines of ratification, estoppel, waiver or acquiescence.

**SIXTH DEFENSE**

The Plaintiffs' damages, if any, were the result of a superseding, intervening cause.

**SEVENTH DEFENSE**

Mirabilis pleads the affirmative defenses of accord and satisfaction and payment.

**EIGHTH DEFENSE**

Mirabilis pleads the affirmative defense of anticipatory repudiation.

**NINTH DEFENSE**

Mirabilis pleads the affirmative defense of failure of consideration.

**TENTH DEFENSE**

Plaintiffs' Original and Amended Complaints, and each claim against Mirabilis therein, fail to state a claim upon which relief can be granted.

**Mirabilis hereby reserves the right to assert other affirmative defenses when and if appropriate during this action.**

WHEREFORE, having fully answered the Complaint, Mirabilis prays that the Plaintiffs take nothing thereby and go hence without day, and that Mirabilis be awarded its costs and reasonable attorneys' fees.

DATED this 30TH day of May, 2007.

          Respectfully submitted,

          BAVOL JUDGE, P.A.

          /s/ William J. Judge, Jr.
          Charles D. Bavol (FBN: 776701)
          William J. Judge, Jr. (FBN: 426296)
          David I. Wynne, Jr. (FBN: 0326290)
          400 N. Ashley Drive, Suite 2500
          P. O. Box 1440
          Tampa, Florida 33601-1440
          (813) 221-7111
          (813) 221-7112 (fax)
          cbavol@bavoljudge.com
          bjudge@bavoljudge.com
          dwynne@bavoljudge.com
          Trial Counsel for Defendant
          Mirabilis

And By:

Aaron C. Bates (FBN: 0011749)*
200 South Orange Avenue
Suite 2800
Orlando, FL 32801
Telephone: (407) 517-7779
Facsimile: (407) 454-5102
abates@mirabilsventures.com
*Counsel for Defendant, Mirabilis Ventures, Inc.*

   \*   Application for Expedited General Admission to the bar of this Court filed with the U.S. District Court for the Middle District of Florida, Orlando Division. Upon admission, will be substituted as counsel for Mirabilis Ventures, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on **May 30, 2007**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached

Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ William J. Judge, Jr.

SERVICE LIST
Kenneth A. Hendricks, et al v. Mirabilis Ventures, Inc., et al
Case No. 8:07cv661-T 17EAJ
United States District Court, Middle District of Florida

- Charles A. Carlson, Esq.
  (FBN: 716286)
  Barnett Bolt Kirkwood Long & McBride
  P.O. Box 3287
  Tampa, FL  33601-3287
  813-253-2020
  813-251-6711 Facsimile
  CCarlson@barnettbolt.com
  Florida Counsel for Plaintiffs

  Served via transmission of Notices of Electronic Filing generated by CM/ECF.

- Morris J. "Mo" Brooks, Jr., Esq.
  Leo & Brooks, LLC
  200 Randolph Avenue, Suite 200
  Huntsville, AL  35801
  256-539-6000
  256-539-6024 Facsimile
  mbrooks@leo-law.com
  Trial Counsel for Plaintiffs

  Served via U.S. Mail.

- Edward Gudeman, Esq.
  35055 W. 12 Mile Road
  Farmington Hills, MI  48331
  Trial Counsel for Defendant, John W. Burcham II

  Served via U. S. Mail

11