UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

KENNETH A. HENDRICKS, et al.
    Plaintiffs,

Case 8:07-cv-00661 -EAK-EAJ

v.

MIRABILIS VENTURES, INC., et al.
    Defendants.
_____/

## CASE MANAGEMENT REPORT

1. <u>Meeting of Parties</u>: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **June 19, 2007 at 11:00 a.m.** by telephone and was attended by:

| | |
|---|---|
| Charles A. Carlson, Esq. for | Plaintiffs, Kenneth Hendricks, Diane Hendricks, and Amfinity Capital, LLC |
| Morris "Mo" Brooks, Esq. for | Plaintiffs, Kenneth Hendricks, Diane Hendricks, and Amfinity Capital, LLC |
| Aaron C. Bates, Esq. for | Defendant, Mirabilis Ventures, Inc. |
| William J. Judge Jr., Esq. for | Defendants, Presidion Corporation, Presidion Solutions, Inc., Craig A. Vanderburg, and |
| James E. Baiers | Individually and as Chief Legal Officer of Presidion Corporation |
| J. Scott Gunn, Esq. for | Defendant, John W. Burcham II |

2. Initial Disclosures:

    a. Fed. R. Civ. P. 26(a)(l) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(l)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have

        discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

\_\_\_\_\_     have exchanged information referenced by Fed. R. Civ. P. 26(a)(l)(A)-(D) or agree to exchange such information on or before _____.[2]

 **X**    stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(l)(A)-(D).

\_\_\_\_\_     have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(l)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. *See* Fed. R. Civ. P. 26(a)(l).

[2] Information referenced by Fed. R. Civ. P. 26(a)(l)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(l). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. *See* Fed. R. Civ. P. 26(a)(l).

    3.   <u>Discovery Plan - Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

    a. <u>Plaintiffs Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

    (1) <u>Requests for Admission</u>:

**Plaintiffs will serve requests for admission per Fed. R. Civ. P. 36.**

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

    (2) <u>Written Interrogatories</u>:

**Plaintiffs will serve interrogatories per Local Rule 3.03(a) and (b) and Fed. R. Civ. P. 33.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

    (3) <u>Requests for Production or Inspection</u>:

**Plaintiffs will serve requests for production and/or inspection per Local Rule 3.03(d) and (b) and Fed. R. Civ. P. 34.**

    (4) <u>Oral Depositions</u>:

Number of Depositions:

**Plaintiffs agree to limit depositions to twenty (20) per side.**

Time Permitted for Each Deposition:

**Plaintiffs agree that each deposition will continue from day to day until completed.**

    b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiffs Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

3

**May 1, 2008**

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Plaintiffs will provide supplemental disclosures and responses pursuant to Fed. R. Civ. P. 26(e) on or before June 30, 2008.**

d. <u>Completion of Discovery</u>:

Plaintiffs will commence all discovery in time for it to be completed on or before **August 1, 2008.**

4. <u>Discovery Plan - Defendant</u>: The parties jointly propose the following Defendant's discovery plan:

a. <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission</u>:

**Defendants will serve requests for admission per Fed. R. Civ. P. 36.**

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2), Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories</u>:

**Defendants will serve interrogatories per Local Rule 3.03(a) and (b) and Fed. R. Civ. P. 33.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

4

(3) <u>Requests for Production or Inspection</u>:

**Defendants will serve requests for production and/or inspection per Fed. R. Civ. P. 36.**

(4) <u>Oral Depositions</u>:

Number of Depositions:

**Defendants agree to limit depositions to twenty (20) per side.**

Time Permitted for Each Deposition:

**Defendants agree that each deposition will continue from day to day until completed.**

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiffs Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**June 2, 2008**

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**June 30, 2008**

d. <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or before **August 1, 2008**.

5. <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.,* handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**Not applicable.**

6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

**None.**

7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims shall

5

be as per Local Rule 4.03. All motions for summary judgment, and all other potentially dispositive motions should be filed by **October 1, 2008**.

       8.    <u>Settlement and Alternative Dispute Resolution</u>: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is

  **X** **likely**        (check one)
\_\_\_\_ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b). \_\_\_\_ Yes **X No**  \_\_\_\_ likely t o agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

       9.    <u>Consent to Magistrate Judge Jurisdiction</u>: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. *See* 28 U.S.C. **5** 636.
\_\_\_\_ Yes    **X No**    \_\_\_ likely t o agree in future

       10.    <u>Preliminary Pretrial Conference</u>:

Track Two Cases: Parties
\_\_\_\_ request    (check one)
 **X** **do not request**
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

       11.    <u>Final Pretrial Conference and Trial</u>: Parties agree that they will be ready for a final pretrial conference on or after **January 16, 2009** and for trial on or after **February 2, 2009**. This **Jury  X  Non-Jury \_\_** trial is expected to take approximately 3 to 3-1/2 days.

       12.    <u>Pretrial Disclosures and Final Pretrial Procedures</u>: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

Date:   June 29, 2007

| | |
|---|---|
| BARNETT, BOLT, KIRKWOOD LONG & MCBRIDE | LEO AND ASSOCIATES |
| /s/ .<br>Charles A. Carlson, Esq.<br>Florida Bar # 716286<br>Post Office Box 3287<br>Tampa, Florida 33601-3287<br>(813) 253-2020<br>(813) 251-6711-Facsimile<br>ccarlson@barnettbolt.com<br><br>Local Counsel for Plaintiffs | /s/ .<br>Morris J. Brooks, Jr., Esq.<br>200 Randolph Avenue<br>Suite 200<br>Huntsville, Alabama 35801<br>(256) 539-6000<br>(256) 539-6024 - Facsimile<br>mbrooks@leo-law.com<br><br>Trial Counsel for Plaintiffs |
| BAVOL JUDGE, P.A. | |
| /s/ .<br>William J. Judge Jr., Esq.<br>Florida Bar # 426296<br>Post Office Box 1440<br>Tampa, FL 33601-1440<br>(813) 221-7111<br>(813) 221-7112 – Facsimile<br>BillJudge@BavolJudge.com<br><br>Attorneys for Presidion Corporation, Presidion Solutions, Inc., Craig A. Vanderberg and James E. Baiers | /s/ .<br>Aaron C. Bates, Esq.<br>Florida Bar # 11749<br>200 South Orange Avenue, 28th Floor<br>Orlando, FL 32801<br>(407) 517-7779<br>(407) 454-5102<br>Abates@golbergbates.com<br><br>Attorney for Mirabilis Ventures, Inc. |
| J. SCOTT GUNN, P.A. | |
| /s/ .<br>J. Scott Gunn, Esq.<br>Florida Bar # 984035<br>Bank of America Tower<br>1 Financial Plaza, Suite 2500<br>Ft. Lauderdale, FL 33394-0002<br>(954) 462-1323<br>(954) 462-1335 – Facsimile<br><br>Attorneys for John W. Burcham II | |

::ODMA\PCDOCS\BBKLDOCS\333462\1