UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KENNETH A. HENDRICKS,**
**DIANE M. HENDRICKS, &**
**AMFINITY CAPITAL, LLC**

    Plaintiffs,

v.                                                          **Case No.: 8:07-CV-661-T-17-EAJ**

**MIRABILIS VENTURES, INC.,**
**et al.**,

    Defendants.
_____/

## ORDER

Before the court are Defendant Presidion Solutions, Inc's **Emergency Motion for Protective Order** (Dkt. 35), Defendant Mirabilis Ventures, Inc.'s **Emergency Motion for Protective Order** (Dkt. 37), and Plaintiffs' **Response** (Dkt. 40) to both motions.

In the emergency motions, Defendants Presidion Solutions, Inc. ("PSI") and Mirabilis Ventures, Inc. ("Mirabilis") seek a protective order postponing the dates of four depositions scheduled by Plaintiffs, the first of which is scheduled to commence tomorrow, October 18, 2007, in Tampa, Florida. The depositions are of Defendants and former PSI officers and/or directors John Burcham, James Baiers, Craig Vanderburg, and of Mirabilis's corporate representative (Dkt. 35 at 2). The main reasons offered by the moving Defendants in support of their motion are (1) PSI's counsel was substituted into this case on September 25, 2007 (see Dkts. 29, 30), and has not had sufficient time to review the file, and (2) PSI and Mirabilis are transporting millions of pages of documents to Tampa, and their counsel will need time to review the documents, determine what is relevant, and scan them into a computer (Dkt. 35 at 3-4; Dkt. 37 at 2-3). PSI and Mirabilis allegedly

seek to avoid the costs and burden to every party of duplicate depositions.  PSI and Mirabilis state they can be prepared to proceed with the four depositions in mid-December (Dkt. 35 at 5; Dkt. 37 at 3).

Plaintiffs respond that all Defendants agreed to the deposition dates in early September 2007 and that PSI and Mirabilis should not be permitted to extend the depositions to an unspecified future date simply because their actions have delayed the document review process (Dkt. 40 at 2, 7-8). Plaintiffs emphasize that Defendants have been on notice of the claims against them since the case was filed in April 2007.

The moving Defendants have not demonstrated good cause for the protective order under Rule 26(c), Fed.R.Civ.P.  PSI's argument that the court should postpone the depositions because its current counsel, Kurt Thalwitzer, Esq. ("Mr. Thalwitzer") entered the case relatively recently on September 25, 2007, is unconvincing.  Mr. Thalwitzer waited over two weeks – until October 11, 2007 – to contact Plaintiffs' counsel about cancelling the depositions (Dkt. 37, Ex. B).  Further, although Mr. Thalwitzer's asserts that he does not yet have a complete case file (Dkt. 35 at 3), he does not detail the steps he has taken to obtain the file.  Moreover, Defendant-deponents Baiers and Vanderburg continue to be represented by PSI's former counsel, William Judge, Esq. ("Mr. Judge"), who consented to PSI's motion (Dkt. 35 at 6).  Mr. Thalwitzer does not explain why Mr. Judge would cooperate in consenting to his emergency motion but not in releasing his files.

As for Mirabilis's argument that it has recently associated with new counsel and therefore requires more time, Plaintiffs noticed the depositions in early September 2007 (Dkt. 40, Ex. B), with the prior approval of Mirabilis's current counsel, Aaron Bates, Esq. ("Mr. Bates") (Dkt. 40 at 2). Mr. Bates has represented Mirabilis since June 2007 (see Dkt. 22), and his recent association with

new counsel does not impact his knowledge of the case and should not delay the depositions.

PSI and Mirabilis also argue that they retain a large number of documents in storage that they still must to transport to a central site and review. However, Plaintiffs filed this case on April 17, 2007 (see Dkt. 1); Defendants have had close to six months to review documents (or at least to transport them to a location where they can be reviewed) and to formulate their defenses. Further, Plaintiffs' counsel's response to Mr. Bates's letter emphasizes that Plaintiffs cleared the deposition dates with Mirabilis before noticing the depositions (Dkt. 37, Ex. C. at 1).

Granting Defendants' "emergency" motions would only reward PSI and Mirabilis for their dilatory conduct. The depositions were noticed on September 7, 2007 and September 12, 2007, and Plaintiffs' co-counsel and corporate representative, in addition to all deponents, have presumably made plans to travel to the depositions. Plaintiffs' duly-noticed depositions should not be delayed for the reasons advanced by Defendants.

Therefore, it is **ORDERED** and **ADJUDGED**:

(1) The **emergency motions for protective order** (Dkts. 35, 37) are **DENIED**. The depositions of Burcham, Baiers, Vanderburg, and of Mirabilis's corporate representative shall proceed as scheduled. This ruling does not address the appropriateness of redeposing the parties.

**DONE** and **ORDERED** in Tampa, Florida on this 17th day of October, 2007.

_____
ELIZABETH A JENKINS
United States Magistrate Judge