**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**KENNETH A. HENDRICKS,
DIANE M. HENDRICKS, and
AMFINITY CAPITAL, LLC,**

     **Plaintiffs,**

vs.                                                 **CASE NO.: 8:07-CV-661-T-17EAJ**

**MIRABILIS VENTURES, INC.,
PRESIDION CORPORATION,
PRESIDION SOLUTIONS, INC.
CRAIG A. VANDERBURG,
JAMES E. BAIERS, and
JOHN W. BURCHAM, II,**

     **Defendants.**

_____

**DEFENDANT MIRABILIS VENTURES, INC.'S RESPONSE TO PLAINTIFFS'
MOTION TO COMPEL AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

     Defendant, Mirabilis Ventures, Inc. ("Mirabilis"), for its Response to Plaintiffs' Motion to Compel, states as follows:

     1.    Plaintiffs' motion to compel demands further responses to ten identical interrogatories that asked Mirabilis to state, one month into discovery, the "entire factual basis" of each of the affirmative defenses pleaded by Mirabilis.[1] Beyond asking for "all" of the information Mirabilis may rely upon for legal defenses, Plaintiffs' requests were not limited in time or scope, or otherwise drafted in a manner consistent with the federal rules. Such broad ranging and undefined requests are universally disfavored in the federal courts as being overly

---

[1] Plaintiffs repeatedly note that several of Mirabilis' responses to interrogatories are "word for word the same response." That is because Plaintiffs' interrogatories are "cut and paste" the same improper interrogatory with only the name of the particular affirmative defense changed.

938217.3                                                    1

broad and unduly burdensome, and Mirabilis so objected. *See Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000) ("The court, therefore, denies defendant's motion to compel plaintiff to answer … interrogatories [that] are overly broad and unduly burdensome in seeking identification of "every fact and document" upon which plaintiff bases his contentions"); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186-187 (D. Kan. 1997) (holding interrogatories that request "each and every fact" regarding allegations or defenses are overly broad and unduly burdensome, "[w]hatever may be said for the virtues of discovery and the liberality of the federal rules, which perhaps all courts recognize, there comes at some point a reasonable limit against indiscriminately hurling interrogatories at every conceivable detail and fact which may relate to a case. … To require answers for [these type interrogatories] would more likely cause delay and unreasonable expense of time, energy, and perhaps money."); *Stoval v. Gulf and South American Steamship Co.*, 30 F.R.D. 152, 154 (S.D. Tex 1961) ("Any interrogatory which is too general and all-inclusive need not be answered … For example, No. 38 commences 'Please state all facts in your possession …' relative to certain occurrences.  How can the court make enforceable orders with reference to 'all' of anything?").  Plaintiffs' claim that Mirabilis' objections to these interrogatories are improper is contrary to established law and Plaintiffs' motion to compel should be denied.

2. Mirabilis has responded to Plaintiffs' eleven (11) interrogatories, responded to Plaintiffs' thirty-three (33) requests for production of documents, and produced more than three hundred pages of responsive documents located to date.  Each of Mirabilis' objections and responses to Plaintiffs discovery requests are necessary and proper, particularly given the undue breadth of Plaintiffs' requests.  Yet after Mirabilis directed Plaintiff to the overly broad nature of the interrogatories, Plaintiffs have never even offered to reasonably limit their requests.

3. Mirabilis' efforts to respond to Plaintiffs' discovery are well documented. In addition to providing written responses and producing responsive documents located to date[2], Mirabilis has made clear to the Plaintiffs that it is in the process of retrieving and reviewing millions of pages of additional documents in an effort to locate documents and information relevant to the case or responsive to the Plaintiffs' extremely broad requests.[3] That process has been ongoing for months and continues today. *See* Jaiman Aff., attached to Mirabilis' previously filed Motion for Protective Order. To date Mirabilis has gathered thousands of boxes from multiple locations. While the process of compiling the documents will necessarily take some more time, Mirabilis intends to substantially complete the process by the end of 2007 – if not sooner. Once the process is complete, Mirabilis will be able to direct Plaintiffs to additional responsive documents and provide supplemental interrogatory responses. Plaintiffs provide no reason why that time frame is unacceptable – especially given the fact that discovery is not scheduled to be completed for another ten (10) months.

4. Mirabilis has already provided additional responses to the Plaintiffs' interrogatory number one. Specifically, Mirabilis identified twenty-one (21) witnesses who may have discoverable information. Since many of those persons are outside of Mirabilis' control, it is not possible to provide complete listings of the specific information each person may have or, sometimes, even their address. As part of its review of documents, Mirabilis is still in the process of trying to identify other individuals who may have discoverable information and will continue to supplement this response, and the responses to other interrogatories, as witnesses are identified and more information is discovered.

---

[2]  Plaintiffs' objection to Mirabilis' referencing produced documents in response to interrogatories is interesting since such practice is expressly allowed under Rule 33(d) of the Federal Rules of Civil Procedure, and Mirabilis' responses comply fully with that rule. *See MAI Sys. Corp. v. Walbert Enterprises, Inc.*, 116 F.3d 485, *4 (9th Cir. 1997). Additionally, the efforts currently underway to compile and review additional documents will most likely result in Mirabilis identifying additional responsive documents.

[3]  *See* Mirabilis Ventures Inc.'s Emergency Motion for Protective Order related to depositions and accompanying Affidavit of Jodi Jaiman.

5. Plaintiffs' motion to compel relies heavily on *Oleson v. Kmart Corporation*, 175 F.R.D. 570 (D. Kan. 1997) for the claim that a party may not refuse to answer an interrogatory by saying that the information will come later. When read in context, however, it is clear that the cited language in *Oleson* was directed at a party that refused to answer **legitimate** interrogatories that asked for information clearly known at that time to that party's witnesses—i.e. the party was attempting to delay its response until after its own witnesses were to be deposed. *See id*, at 572 ("It now appears that the defendant did not intend to stand on the objections but simply to defer answering the discovery until the deposition of corporate employees allegedly having knowledge of the facts necessary to answer the interrogatories."). That is not the case here.

6. The situation in *Oleson* is distinctly different from the present controversy for at least two reasons. First, Plaintiffs interrogatories are improper since they are overly broad and unduly burdensome. That other federal courts have for years refused to compel responses to similar requests is very telling. Second, Mirabilis is not attempting to delay discovery or hide information it currently has – rather, Mirabilis seeks to facilitate discovery by compiling and sorting potentially relevant documents. The party in *Oleson* was attempting to hide the current knowledge of its own witnesses, while Mirabilis seeks to uncover information that is presumably located in an expanse of documents. Also contrary to the defendant in *Oleson*, Mirabilis has directed Plaintiffs' to persons who may have knowledge regarding affirmative defenses.

7. Nothing in Plaintiffs' motion supports any sanctions against Mirabilis. Mirabilis has no intent to delay this litigation, and has not done so with its discovery responses. Instead, Mirabilis timely responded to Plaintiffs' discovery requests with proper objections and responses and Mirabilis continues today to compile and review potentially relevant documents. Until Mirabils' document review is performed and discovery related to the identified witnesses is

conducted, "the entire factual basis" for Mirabilis' affirmative defenses simply cannot be expressed.[4] Mirabilis has already once supplemented its responses with additional information, and intends to further supplement as additional information and documents are available.

WHEREFORE, Mirabilis respectfully requests this Court deny Plaintiffs' Motion to Compel and deny Plaintiffs' request for sanctions against Mirabilis.


                                                    s/ Aaron C. Bates
                                                    By: Counsel for Defendant Mirabilis Ventures, Inc.

**Of Counsel:**

Aaron C. Bates, Esq.
Goldberg Bates, PLLC
Florida Bar No. 011749
3660 Maguire Boulevard
Suite 102
Orlando, FL  32803
Telephone: (407) 893-3776
Facsimile: (407) 893-3779
abates@goldbergbates.com

J. Russ Campbell
BALCH & BINGHAM LLP
Florida Bar No. 901423
1710 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 226-3438
Facsimile: (205) 488-5859
rcampbell@balch.com

---

[4] For example, support for Mirabilis' affirmative defenses will come from the testimony of witnesses outside of Mirabilis' control.  This was recently borne out through the facts and evidence revealed in the recently-taken depositions of James Baiers, Craig Vanderburg, and John Burcham.

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on November 2, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List.

                                                     s/ Aaron C. Bates_____
                                                     Aaron C. Bates

## SERVICE LIST

LEO AND ASSOCIATES
Morris J. Brooks, Jr., Esq.
200 Randolph Avenue
Suite 200
Huntsville, AL 35801
(256) 539-6000
(256) 539-6024 – Facsimile
mbrooks@leo-law.com

Trial Counsel for Plaintiffs

BAVOL JUDGE, P.A.
William J. Judge, Jr., Esq.
Florida Bar # 426296
Post Office Box 1440
Tampa, FL 33601-1440
(813) 221-7111
(813) 221-7112 – Facsimile
BillJudge@BavolJudge.com

Attorneys for Presidion Corporation, Craig A. Vanderburg and James E. Baiers

MATEER & HARBERT, P.A.
Kurt E. Thalwitzer
Florida Bar # 816299
220 East Robinson Street, Suite 600
Post Office Box 2854
Orlando, FL 32802-2854
(407) 425-9044
(407) 423-2016 – Facsimile

Attorneys for Presidion Solutions, Inc.

BARNETT, BOLT, KIRKWOOD, LONG & MCBRIDE
Charles A. Carlson, Esq.
Florida Bar # 716286
Post Office Box 3287
Tampa, FL 33601-3287
(813) 253-2020
(813) 251-6711 – Facsimile
ccarlson@barnettbolt.com

Local Counsel for Plaintiffs

J. SCOTT GUNN, P.A.
J. Scott Gunn, Esq.
Florida Bar # 984035
Bank of America Tower
1 Financial Plaza, Suite 2500
Ft. Lauderdale, FL 33394-0002
(954) 462-1323
(954) 462-1335 – Facsimile
scott@jscottgunn.com

Attorney for John W. Burcham II