IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH A. HENDRICKS,
DIANE M. HENDRICKS, and
AMFINITY CAPITAL, LLC,

    Plaintiffs,

vs.                            CASE NO.: 8:07-CV-661-T-17EAJ

MIRABILIS VENTURES, INC.,
PRESIDION CORPORATION,
PRESIDION SOLUTIONS, INC.
CRAIG A. VANDERBURG,
JAMES E. BAIERS, and
JOHN W. BURCHAM, II,

    Defendants.

_____

## AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT MIRABILIS VENTURES, INC.

COMES NOW Defendant, Mirabilis Ventures, Inc. ("Mirabilis"), and for its Amended Answer to Plaintiffs' Complaint, states as follows:

1-2.    Mirabilis lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs and therefore denies them.

3.    Mirabilis admits that it is a corporation incorporated in the State of Nevada and that it does business in Florida. The remaining allegations of this paragraph are denied.

4-9.    Mirabilis lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs and therefore denies them.

10.    Mirabilis admits that venue for this action is proper before this Court; otherwise, Mirabilis denies the allegations of this paragraph.

11-30. These paragraphs do not contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

31. Mirabilis admits that on or about February 16, 2006, it executed a Purchase Agreement, Note and Loan Agreement, and Security Agreement (hereinafter collectively referred to as the "Transaction Documents"), and delivered them to Kenneth A. Hendricks and Diane M. Hendricks (collectively the "Hendricks"). The remaining allegations of this paragraph are denied.

32. Mirabilis admits that it entered into an agreement evidenced by the Transaction Documents, which speak for themselves. To the extent this paragraph contains further allegations against Mirabilis, those allegations, including all subparts, are denied.

33. The Transaction Documents, including but not limited to the Purchase Agreement, speak for themselves. To the extent this paragraph contains further allegations against Mirabilis, those allegations are denied.

34. Mirabilis admits that James Baiers ("Baiers") and Craig Vanderburg ("Vanderburg") each executed Guaranties guaranteeing the indebtedness allegedly owed pursuant to the Transaction Documents. The remaining allegations of this paragraph are denied.

35. This paragraph does not contain any allegations against Mirabilis. To the extent this paragraph does contain allegations against Mirabilis, those allegations are denied.

36. Mirabilis admits only that it made payments to the Hendricks up to and including the payment on or about January 9, 2007, pursuant to the terms of the Transaction Documents, and that no further payments have been made since. The remaining allegations contained in this paragraph are denied.

37. Denied.

### COUNT 1– MIRABILIS BREACH OF PURCHASE AGREEMENT

38.   Mirabilis adopts and incorporates its responses to paragraphs 1-37 above as if fully set forth herein.

39-40. The Transaction Documents, including but not limited to the Purchase Agreement, speak for themselves. To the extent these paragraphs contain further allegations against Mirabilis, those allegations are denied.

41.   Mirabilis admits only that the Hendricks notified Mirabilis of an alleged breach. The remaining allegations contained in this paragraph are denied.

42.   Denied.

WHEREFORE, Mirabilis denies that the Plaintiffs are entitled to any relief from Mirabilis whatsoever.

### COUNT 2 — MIRABILIS BREACH OF NOTE AND LOAN AGREEMENT

43.   Mirabilis adopts and incorporates its responses to paragraphs 1-42 above as if fully set forth herein.

44.   The Transaction Documents, including but not limited to the Note, speak for themselves. To the extent this paragraph contains further allegations against Mirabilis, those allegations are denied.

45.   Mirabilis admits only that it made payments to the Hendricks up to and including the payment on or about January 9, 2007, and that no further payments have been made since. The remaining allegations contained in this paragraph are denied.

46.   Mirabilis admits only that the Hendricks notified Mirabilis of an alleged breach. The remaining allegations contained in this paragraph are denied.

47-49. The Transaction Documents, including but not limited to the Note, speak for themselves. To the extent these paragraphs contain further allegations against Mirabilis, those allegations are denied.

WHEREFORE, Mirabilis denies that the Plaintiffs are entitled to any relief from Mirabilis whatsoever.

## COUNT 3 — MIRABILIS BREACH OF SECURITY AGREEMENT

50.  Mirabilis adopts and incorporates its responses to paragraphs 1-49 above as if fully set forth herein.

51-52. The Transaction Documents, including but not limited to the Security Agreement, speak for themselves. To the extent these paragraphs contain further allegations against Mirabilis, those allegations are denied.

53.  Denied.

54.  Mirabilis admits only that the Hendricks notified Mirabilis of an alleged breach. The remaining allegations contained in this paragraph are denied.

55.  Denied.

56.  Denied.

57.  The Transaction Documents, including but not limited to the Security Agreement, speak for themselves. To the extent this paragraph contains further allegations against Mirabilis, those allegations are denied.

WHEREFORE, Mirabilis denies that the Plaintiffs are entitled to any relief from Mirabilis whatsoever.

### COUNT 4 – VANDERBURG BREACH OF GUARANTIES

58. Mirabilis adopts and incorporates its responses to paragraphs 1-57 above as if fully set forth herein.

59–61. These paragraphs do not contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

62. Mirabilis admits only that the Hendricks notified Mirabilis of an alleged breach. The remaining allegations contained in this paragraph are denied.

63. Denied.

64–65. These paragraphs do not contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

WHEREFORE, Mirabilis denies that the Plaintiffs are entitled to any relief from Mirabilis whatsoever.

### COUNT 5 – BAIERS BREACH OF GUARANTIES

66. Mirabilis adopts and incorporates its responses to paragraphs 1-65 above as if fully set forth herein.

67–69. These paragraphs do not contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

70. Mirabilis admits only that the Hendricks notified Mirabilis of an alleged breach. The remaining allegations contained in this paragraph are denied.

71. Denied.

72-73. These paragraphs do not contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

WHEREFORE, Mirabilis denies that the Plaintiffs are entitled to any relief from Mirabilis whatsoever.

## COUNT 6 – BURCHAM BREACH OF GUARANTY

74. Mirabilis adopts and incorporates its responses to paragraphs 1-73 above as if fully set forth herein.

75-78. These paragraphs do not contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

WHEREFORE, Mirabilis denies that the Plaintiffs are entitled to any relief from Mirabilis whatsoever.

## COUNT 7 – PSI BREACH OF THIRD REPLACEMENT PROMISSORY NOTE

79. Mirabilis adopts and incorporates its responses to paragraphs 1-78 above as if fully set forth herein.

80-83. These paragraphs do not contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

WHEREFORE, Mirabilis denies that the Plaintiffs are entitled to any relief from Mirabilis whatsoever.

## COUNT 8 - PRESIDION BREACH OF REGISTRATION RIGHTS AGREEMENT

84. Mirabilis adopts and incorporates its responses to paragraphs 1-83 above as if fully set forth herein.

85-91. These paragraphs do not contain any allegations against Mirabilis. To the extent these paragraphs do contain allegations against Mirabilis, those allegations are denied.

WHEREFORE, Mirabilis denies that the Plaintiffs are entitled to any relief from Mirabilis whatsoever.

**Unless expressly admitted above, Mirabilis denies the material allegations of the Original and Amended Complaints.**

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' claim for damages for breach of contract is precluded by Plaintiffs' own fraud as set forth with more particularity in Mirabilis' Counterclaim.

### SECOND DEFENSE

Plaintiffs' claims are barred under the doctrine of unclean hands or *in pari delicto*.

### THIRD DEFENSE

Mirabilis is entitled to recoupment or set-off for the damages caused as a result of the unpaid payroll taxes owed by ABS, Paradyme, Paradyme Brokers, or others.

### FOURTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

### FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrines of ratification, estoppel, waiver and/or acquiescence.

### SIXTH DEFENSE

The Plaintiffs' damages, if any, were the result of a superseding, intervening cause.

### SEVENTH DEFENSE

Mirabilis pleads the defenses of accord and satisfaction and payment.

### EIGHTH DEFENSE

Mirabilis pleads the defense of anticipatory repudiation.

## NINTH DEFENSE

Mirabilis pleads the defense of failure of consideration.

## TENTH DEFENSE

Plaintiffs' Original and Amended Complaints, and each claim against Mirabilis therein, fail to state a claim upon which relief can be granted.

## ELEVENTH DEFENSE

Mirabilis pleads the defenses of assumption of the risk, willful concealment, and unconscionability.

**Mirabilis hereby reserves the right to assert other affirmative defenses when and if appropriate during this action.**

WHEREFORE, having fully answered the Complaint, Mirabilis prays that the Plaintiff take nothing thereby and that Mirabilis be awarded its costs and reasonable attorneys' fees.

## COUNTERCLAIMS

The Defendant/Counter-Plaintiff, Mirabilis Ventures, Inc. ("Mirabilis"), by its undersigned counsel, and for its Counterclaim against Plaintiffs/Counter-Defendants Kenneth A. Hendricks and Diane M. Hendricks (collectively hereinafter the "Hendricks"), states and alleges as follows:

1. Mirabilis is a corporation incorporated under the laws of the State of Nevada and maintains its principal place of business in Orlando, Florida.

2. Upon information and belief, the Hendricks are residents and citizens of Wisconsin.

3.  At all times material hereto, Mirabilis was the parent company of a group of companies that engaged in the employee leasing and temporary staffing businesses (hereinafter referred to as the "HR Trade").

4.  Prior to 2002, the Hendricks were the majority shareholders of ABS, IV, Inc. f/k/a Amfinity Business Solutions, Inc. ("ABS"), whose wholly-owned subsidiaries included Paradyme, Inc. ("Paradyme") and Paradyme National Insurance Brokers, Inc. ("Paradyme Brokers") (ABS, Paradyme, and Paradyme Brokers shall sometimes be collectively referred to herein as the "ABS Companies").

5.  In January 2002, Presidion Solutions, Inc. ("PSI") purchased one hundred percent (100%) of the issued and outstanding common stock of ABS. $400,000 of the ABS purchase price was to be paid at closing, with the remaining monies owed to be paid pursuant to the terms of a promissory note made by PSI in favor of the Hendricks.

6.  At all times material hereto, PSI, Presidion Corporation ("Presidion"), and the ABS Companies were also engaged in the HR Trade.

7.  Prior to closing of the January 2002 transaction, the Hendricks made various representations about the business acumen, financial stability, growth potential and reputation of the ABS Companies. Specifically, the Hendricks warranted and represented that a certain amount of worker's compensation insurance deposits belonging to the ABS Companies existed, and said deposits were used as a basis for calculating the aforementioned purchase price for the ABS Companies.

8.  Near the end of 2004, Mirabilis was approached by principals of PSI and Presidion to assist in resolving various overarching problems related to their HR Trade business.

9. As part of this process, AEM, Inc. d/b/a Mirabilis HR ("AEM"), a wholly-owned subsidiary of Mirabilis which was then engaged in the HR Trade, was brought in to service, and post-reorganization to purchase, parts of the Presidion, PSI, and Paradyme HR Trade book of business.

10. In early 2006, Mirabilis agreed to purchase from the Hendricks their position as a secured creditor of PSI based upon the approximately $2.6 million allegedly remaining owed by PSI and Presidion to the Hendricks (the "ABS Purchase Debt").

11. As a result, on or about February 16, 2006, Mirabilis and the Hendricks entered into several agreements memorializing the aforementioned transaction which include, but are not limited to, a Purchase Agreement, Promissory Note (the "Note"), and a Security Agreement, true and exact copies of which are annexed to the Plaintiff's Complaint as Exhibits 6 – 8 (the Purchase Agreement, Note, and Security Agreement shall sometimes be collectively referred to herein as the "Transaction Documents").

12. As the Hendricks were aware, the income stream from the payments to be made by PSI to Mirabilis for the ABS Purchase Debt, were to be used by Mirabilis to help ensure its ability to pay the remaining amounts due and owing to the Hendricks pursuant to the Transaction Documents.

13. Mirabilis' purchase of the ABS Purchase Debt and the Hendricks position as a secured creditor of PSI was based on the purported validity of the purchase price paid by PSI for the ABS Companies.

14. Pursuant to the terms of the Transaction Documents, Mirabilis was to pay the Hendricks a total of $2,847,169.39 for the purchase of the ABS Debt and their position as a secured creditor of PSI, with the purchase price to be paid in seventy-one equal monthly

installments of $30,175.87 beginning on April 1, 2006, plus a one-time installment payment of $204,709.38 due and payable September 1, 2006.

15.     Mirabilis made timely payments of amounts due and owing pursuant to the terms of the Transaction Documents, through and including the installment payment due in January 2007.

16.     In or about May 2006, AEM discovered that a large portion of the Paradyme HR Trade book of business was actually a drain upon cash and profitability, instead of a contributor to positive earnings.

17.     Moreover, subsequent to the closing of Mirabilis' purchase of the ABS Purchase Debt, Mirabilis became aware of numerous improper and/or illegal misrepresentations and actions set forth and undertaken by the Hendricks relevant to their sale of the ABS Companies and the sale of their secured creditor position of PSI, as provided by the ABS Purchase Debt, which include, but are not limited to, the following:

   a.     the purchase price for the ABS Companies was falsely inflated as a result of the Hendricks' misrepresentation of the amount of worker's compensation insurance deposits belonging to the ABS Companies prior to their purchase by PSI;

   b.     the Hendricks used Mirabilis' acquisition of the ABS Purchase Debt and the Hendricks' position as a secured creditor of PSI to potentially place Mirabilis in the Hendricks' position as a "responsible person" for portions of the payroll tax liability of PSI, Presidion, and the ABS Companies, pursuant to 26 U.S.C. § 6672, by virtue of this position and their receipt of unremitted payroll tax monies used to reduce the ABS Purchase Debt, all of which Plaintiffs were expressly aware and failed to intervene to mitigate; and

    c.    The Hendricks, via their position with Amfinity Capital, LLC[1] and as shareholders of Presidion, had a duty to disclose in Presidion's public filings the issues regarding worker's compensation deposits belonging to the ABS companies and any other issues related to Presidion or PSI that they were aware of, or should have been aware of as a result of their positions, but failed to do so.

## COUNT I — BREACH OF CONTRACT OR IN THE ALTERNATIVE BREACH OF AN IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

18.    Mirabilis restates its allegations in paragraphs 1 through 17 above as if fully set forth herein.

19.    Pursuant to the Purchase Agreement with Mirabilis and associated documents discussed above, the Hendricks made representations and warranties regarding the consideration Presidion received from the Hendricks and the ABS Companies when the ABS Companies were purchased by Presidion.

20.    The representations and warranties the Plaintiffs/Counter-Defendants made regarding the ABS Companies' solvency and profitability were false and misleading in that they overstated the value of the ABS Companies, upon which the ABS Purchase Debt was based.

21.    The Plaintiffs'/Counter-Defendants' false and misleading representations and warranties as described above constitute a breach of the Purchase Agreement concerning the sale of the ABS Purchase Debt to Mirabilis or, in the alternative, a breach of the Hendricks' implied duty of good faith and fair dealing.

---

[1] Amfinity Capital, LLC is, upon information and belief, still owned by the Hendricks and was, at the time in question, responsible for performing due diligence, participating in negotiations, and procuring investors for the planned public offering of Presidion and its PEO subsidiaries.

## COUNT II - FRAUD

22.   Mirabilis restates its allegations in paragraphs 1 through 21 above as if fully set forth herein.

23.   The Hendricks intentionally made false representations of material facts concerning the ABS Purchase Debt which the Hendricks knew were false; particularly, upon information and belief, the original purchase price for the ABS Companies, upon which the ABS Purchase Debt was based, was falsely inflated as a result of the Hendricks' misrepresentation of the amount of worker's compensation insurance deposits belonging to the ABS Companies prior to their purchase by PSI.

24.   Upon information and belief, the Hendricks used Mirabilis' acquisition of the ABS Purchase Debt and the Hendricks' position as a secured creditor of PSI to potentially place Mirabilis in the Hendricks' position as a "responsible person" for portions of the payroll tax liability of PSI, Presidion, and the ABS Companies, pursuant to 26 U.S.C. § 6672, by virtue of this position and their receipt of unremitted payroll tax monies used to reduce the ABS Purchase Debt, all of which Plaintiffs were expressly aware and failed to intervene to mitigate.

25   Mirabilis, to its detriment, justifiably relied upon the false representations of material facts concerning the ABS Purchase Debt made by the Hendricks and therefore purchased the ABS Purchase Debt and the Hendricks' purported position as a secured creditor of PSI.

26.   As a direct and proximate result of these intentional misrepresentations, Mirabilis has suffered damages in that, among other things and upon information and belief, their ownership of the ABS Purchase Debt has been used as a conduit by which to transfer money belonging to the Internal Revenue Service for payroll trust fund tax liabilities on behalf of the

Hendricks. Mirabilis is now subject to litigation regarding the payroll trust fund tax liabilities and the ABS Purchase Debt is worth substantially less than what it would be worth if the representations were not false.

27. The Hendricks fraudulently induced Mirabilis into purchasing the ABS Purchase Debt and their purported position as a secured creditor of PSI, and, but for the fraud, Mirabilis would not have made such purchases.

28. Moreover, the Hendricks' actions and conduct aforesaid were done willfully, intentionally, maliciously and without regard for the rights of Mirabilis.

### COUNT III —NEGLIGENT MISREPRESENTATION

29. Mirabilis restates its allegations in paragraphs 1 through 28 above as if fully set forth herein.

30. The Hendricks negligently made false representations of material facts concerning the ABS Purchase Debt which the Hendricks knew or should have known were false; particularly, upon information and belief, the original purchase price for the ABS Companies, upon which the ABS Purchase Debt was based, was grossly and falsely inflated as a result of the Hendricks' misrepresentation of the amount of worker's compensation insurance deposits belonging to the ABS Companies prior to their purchase by PSI.

31. Mirabilis, to its detriment, relied upon the false representations of material facts concerning the ABS Purchase Debt made by the Hendricks and therefore purchased the ABS Purchase Debt and the Hendricks' purported position as a secured creditor of PSI.

32. As a direct and proximate result of the aforementioned negligent misrepresentations, Mirabilis has suffered damages in that, among other things and upon information and belief, their acquisition and ownership of the ABS Purchase Debt has been used

as a conduit by which to transfer money belonging to the Internal Revenue Service for payroll trust fund tax liabilities on behalf of the Hendricks. Mirabilis is now subject to litigation regarding the payroll trust fund tax liabilities and the ABS Purchase Debt is worth substantially less than what it would be if the representations were not false.

33.     The Hendricks negligently induced Mirabilis into purchasing the ABS Purchase Debt and their purported position as a secured creditor of PSI, and, but for the negligent misrepresentation, Mirabilis would not have made such purchases.

34.     As a direct and proximate result of the Hendricks' negligent misrepresentation, Mirabilis has been damaged.

## COUNT IV — RESCISSION

35.     Mirabilis restates its allegations in paragraphs 1 through 34 above as if fully set forth herein.

36.     Mirabilis entered into the Transaction Documents based on the representations from the Hendricks with regard to the ABS Purchase Debt.

37.     Mirabilis requests rescission of the Transaction Documents based upon the Hendricks' material and fraudulent representations as set forth specifically in Counts I-III of this Counterclaim.

WHEREFORE, Mirabilis requests the following:

A.      Entry of a judgment in its favor and against the Hendricks for return of the money paid by Mirabilis under the Transaction Documents to date, along with Mirabilis' damages, together with interest, costs and attorneys' fees;[2]

---

[2] Mirabilis reserves the right to pursue contribution from the Hendricks separate and apart from this lawsuit for any portions of the Internal Revenue Service tax assessments which are levied against Mirabilis and which arise from the acts or omissions Hendricks and/or Amfinity Capital, LLC.

B.    Punitive damages in an amount sufficient to punish the Hendricks for fraudulent behavior, as well as attorneys' fees, costs, and interest, as well as any and all such other relief the Court deems just and proper; and

C.    Entry of a judgment declaring that the Transaction Documents and other agreements and transactions undertaken in connection therewith are void *ab initio*.

s/*J. Russell Campbell*
By: Counsel for Defendant Mirabilis Ventures, Inc.

**Of Counsel:**

Aaron C. Bates, Esq.
Goldberg Bates, PLLC
Florida Bar No. 011749
3660 Maguire Boulevard
Suite 102
Orlando, FL  32803
Telephone: (407) 893-3776
Facsimile: (407) 893-3779
abates@goldbergbates.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 2, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List.

s/<u>*J. Russell Campbell*</u><br>
Of Counsel

## SERVICE LIST

LEO AND ASSOCIATES
Morris J. Brooks, Jr., Esq.
200 Randolph Avenue
Suite 200
Huntsville, AL 35801
(256) 539-6000
(256) 539-6024 – Facsimile
mbrooks@leo-law.com

Trial Counsel for Plaintiffs

BAVOL JUDGE, P.A.
William J. Judge, Jr., Esq.
Florida Bar # 426296
Post Office Box 1440
Tampa, FL 33601-1440
(813) 221-7111
(813) 221-7112 – Facsimile
BillJudge@BavolJudge.com

Attorneys for Presidion Corporation, Craig A. Vanderburg and James E. Baiers

MATEER & HARBERT, P.A.
Kurt E. Thalwitzer
Florida Bar # 816299
220 East Robinson Street, Suite 600
Post Office Box 2854
Orlando, FL 32802-2854
(407) 425-9044
(407) 423-2016 – Facsimile

Attorneys for Presidion Solutions, Inc.

BARNETT, BOLT, KIRKWOOD, LONG & MCBRIDE
Charles A. Carlson, Esq.
Florida Bar # 716286
Post Office Box 3287
Tampa, FL 33601-3287
(813) 253-2020
(813) 251-6711 – Facsimile
ccarlson@barnettbolt.com

Local Counsel for Plaintiffs

J. SCOTT GUNN, P.A.
J. Scott Gunn, Esq.
Florida Bar # 984035
Bank of America Tower
1 Financial Plaza, Suite 2500
Ft. Lauderdale, FL 33394-0002
(954) 462-1323
(954) 462-1335 – Facsimile
scott@jscottgunn.com

Attorneys for John W. Burcham II