IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH A. HENDRICKS,
DIANE M. HENDRICKS, &
AMFINITY CAPITAL, LLC,
     Plaintiffs,

                                Case No. 8:07-cv-661-T17EAJ

v.

MIRABILIS VENTURES, INC.,
PRESIDION CORPORATION,
PRESIDION SOLUTIONS, INC.,
CRAIG A. VANDERBURG,
JAMES E. BAIERS, and
JOHN W. BURCHAM, II,
     Defendants.

## PLAINTIFFS' MOTION TO DISMISS DEFENDANT MIRABILIS'S COUNTERCLAIMS AND TO STRIKE AFFIRMATIVE DEFENSES

Plaintiffs, Kenneth A. Hendricks, Diane M. Hendricks, and Amfinity Capital, LLC, (collectively "Hendricks"), pursuant to Fed. R. Civ. P. 12(b)(6), move to dismiss Counts I, II, III, and IV of the counterclaim filed by defendant, Mirabilis Ventures, Inc. ("Mirabilis").  Additionally, Hendricks, pursuant to Fed. R. Civ. P. 12(f), moves to strike Defenses One through Eleven that are contained in Mirabilis's Amended Answer, Affirmative Defenses and Counterclaims (Dkt. 48).   In support of these motions, and pursuant to Rule 3.01, M.D. Fla. Rules, Hendricks respectfully submits the accompanying Memorandum of Law.

## MEMORANDUM OF LAW

### I.  INTRODUCTION

Plaintiffs' Amended Complaint alleges specific claims against Mirabilis for breach of purchase agreement, breach of note and loan agreement, and breach of security agreement. (Dkt. 14).   On November 2, 2007, Mirabilis filed its Amended Answer asserting counterclaims against Hendricks for breach of contract, or in the alternative breach of an implied duty of good faith and fair dealing, fraud, negligent misrepresentation, and rescission.   Additionally, Mirabilis set forth eleven affirmative defenses to Hendricks's claims.

Counts I, II, III and IV of Mirabilis's counterclaim fail to state a claim upon which relief can be granted and should be dismissed.   Additionally, Mirabilis's affirmative defenses should be stricken as they are nothing more than conclusory allegations which fail to give fair notice of the defenses to Hendricks.

### II.  ARGUMENT

#### A.      Counterclaim Count I Fails to State a Claim for Breach of Contract.

Count I of Mirabilis's counterclaim fails to state a claim for breach of contract. The plain language of the contract between Mirabilis and Hendricks negates Mirabilis's assertion that Hendricks breached representations or warranties in the contract. Moreover, Count I fails to allege that Mirabilis has suffered damages as a result of any supposed breach of contract by Hendricks.   Finally, Mirabilis cannot rely upon an

implied duty of good faith and fair dealing for its breach of contract claim under applicable law.  For all of the foregoing reasons, Count I should be dismissed.

> **1.      Dismissal of Count I is proper under the applicable legal standard for  motions to dismiss under Rule 12(b)(6).**

In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the court accepts "the factual allegations in the complaint as true and" construes such allegations "in the light most favorable to the plaintiff." *D.P. ex rel. E.P. v. School Bd. of Broward County*, 483 F.3d 725, 728 (11th Cir. 2007) citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "The scope of review concerns the allegations contained within the four corners of the Complaint." *Rickman v. Precisionaire, Inc.*, 902 F.Supp 232, 233 (M.D. Fla. 1995). "Dismissal under Rule 12(b)(6) is appropriate 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' of the complaint." *Access Now, Inc., v. Southwest Airlines Co.*, 385 F.3d 1324, 1326 (11th Cir. 2004) quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

A breach of contract claim must contain all the required elements under the applicable state's law in order to survive a Rule12(b)(6) motion to dismiss.  *Advisor's Capital Investments, Inc., v. Cumberland Casualty & Surety Company*, 2005 WL 3445543 at * 1 n.2 (M.D. Fla. 2005).  "The necessary elements to recover for a breach of contract claim in Florida are: (1) the existence of a contract; (2) a breach thereof; and (3) damages flowing from the breach." *Urquhart v. Manatee Memorial Hospital,* 2007 WL 781738 at *2 (M.D. Fla. 2007).

> **2.     The allegations of Count I are negated by the**
> **plain language of the contract upon which Mirabilis sues.**

The counterclaim alleges that Hendricks sold its company, ABS IV, Inc. ("ABS") to Presidion Solutions, Inc. ("PSI") in January 2002.  (Dkt. 48, ¶ 5)  More than two years later, at the end of 2004, Mirabilis became involved with servicing and purchasing parts of PSI.  (Dkt. 48, ¶¶ 8, 9)  Then, 2 years after that, in January, 2006, Miabilis agreed to buy Hendricks position as a secured creditor of PSI based upon the money PSI still owed Hendricks for the purchase of ABS four years earlier.  (Dkt. 48, ¶ 10)

The counterclaim alleges that in May 2006, *more than 4 years after* Hendricks's sale of ABS to PSI, Mirabilis discovered that a "book of business" which was a part of the 2002 ABS sale "was actually a drain upon cash and profitability, instead of a contributor to positive earnings."   (Dkt. 48, ¶ 16)    Despite the fact that PSI, not Mirabilis, was the party with whom Hendricks dealt in connection with the 2002 ABS sale, and despite the fact that PSI, not Hendricks, had been operating the alleged offending "book of business" since 2002, Mirabilis's counterclaim alleges as follows:

> 19.    Pursuant to the Purchase Agreement with Mirabilis and associated documents discussed above, the Hendricks made representations and warranties regarding the consideration Presidion received from the Hendricks and the ABS Companies when the ABS Companies were purchased by Presidion.

> 20. The representations and warranties the Plaintiffs/Counter-Defendants made regarding the ABS Companies' solvency  and profitability were false and misleading in that they  overstated  the value of the ABS Companies, upon which the ABS Purchase Debt was based…[the]  false  and  misleading  representations  and warranties described above constitute a breach of the Purchase Agreement concerning the sale of the ABS Purchase Debt to Mirabilis. (Dkt. 48, p.12)

Thus, Mirabilis asserts that Hendricks breached the Purchase Agreement[1] between Mirabilis and Hendricks through "representations and warranties" that overstated the value of the ABS companies upon which the debt from the 2002 ABS sale was based[2]. However, the plain language of the Purchase Agreement completely contradicts this allegation.   Hendricks representations and warranties section of the February 16, 2006 Purchase Agreement states as follows:

Hendricks represents and warrants to Purchaser that:

A.      The original principal face amount of the Note were advanced to or made available to Borrower and that Borrower received consideration for the Note;

B.      They are the sole beneficial owners of the Loan Documents, except that the Loan Documents have been pledged to Comerica Bank ("Comerica"), pursuant to a security agreement as security for a loan to the Hendricks;

C.      They are authorized to sell the Loan Documents;

D.      The Loan Documents are genuine instruments and that any  and  all copies of the Loan Documents are accurate and complete copies of the Loan Documents.

E.      As of February 16, 2005, the balance due with respect to the Note is of  $2,837,196.39 consisting of $2,672,662.88 in principal and $164,533.51 in interest.

---

[1]   Although Mirabilis did not attach the Purchase Agreement between Hendricks and Mirabilis upon which Count I relies, the counterclaim does reference it specifically and identifies that such Purchase Agreement is attached to the Hendricks's complaint. (Dkt. 48, ¶ 11).   Therefore, the Court can consider the Purchase Agreement as part of Mirabilis's complaint in ruling on the instant motion to dismiss. *Smith Barney, Inc. v. Scanlon,* 180 F.R.D. 444, 446 (S.D. Fla. 1998).

[2]   The counterclaim does not identify any specific provision in the Purchase Agreement that Hendricks has allegedly breached.

> Except for the foregoing representations and warranties, the Loan is sold to Purchaser "AS IS" and with no representations and warranties whatsoever by the Hendricks. (Dkt. 14, Exhibit 7, p. 2-3)

Contrary to the allegations of Count I, Hendricks did not represent or warrant in the Mirabilis Purchase Agreement the value of the ABS companies sold by Hendricks four years earlier.   In fact, the Purchase Agreement is very explicit in limiting Hendricks's representations and warranties by stating that the loan obligation was sold to Mirabilis "AS IS" with "no representations whatsoever by Hendricks."   Moreover, the Purchase Agreement contains an integration clause stating that the written Agreement "constitutes the entire agreement" and that amendments must be in writing to be effective. (Dkt. 14, Exhibit 7, p. 2-3)

Consequently, the plain wording contained within the Purchase Agreement negates Mirabilis's contention that pursuant to the Purchase Agreement and other associated documents Hendricks made false and misleading representations related to the consideration paid by Presidion for the ABS companies and thus breached the Agreement.   Under Florida law, if an attached document negates a pleader's cause of action, the plain language of the document will control and may be the basis for a motion to dismiss.  *Franz Tractor Co. v. J.J. Case Co.*, 566 So. 2d 524, 526 (Fla. 2nd DCA 1990); *Striton Properties, Inc., v. City of Jacksonville,* 533 So.2d 1174, 1178 (Fla. 1st DCA 1988).  *See also*, *Royal Palm Savings Assn. v. Pine Trace Corp.*, 716 F. Supp. 1416 (M.D. Fla. 1989)(motion to dismiss granted where notice provisions of contract negated allegations of complaint).   Because the plain language of the Purchase Agreement

negates the allegations of Count I of the Mirabilis counterclaim, Count I should be dismissed.

### 3. Allegations of breach of the implied duty of good faith and fair dealing fail to state a claim for relief.

In paragraph 21 of its counterclaim, Mirabilis alleges that "in the alternative" Hendricks breached the duty of good faith and fair dealing implied in the Purchase Agreement. However, "rather than serving as an independent term within a contract, the implied covenant attaches to the performance of a specific contractual obligation." *Ernie Haire Ford, Inc. v. Ford Motor Co.,* 260 F.3d 1285, 1291 (11th Cir. 2001), (citations omitted). The implied duty of good faith and fair dealing cannot be utilized to override express terms of the agreement between the parties. *Insurance Concepts and Design, Inc. v. Healthplan Services, Inc.,* 785 So.2d 1232, 1234 (4th DCA 2001), (citations omitted). Moreover, a claim for breach of the implied duty cannot be maintained under Florida law absent an allegation that an express term of the contract has been breached. *Id.* at 1234. Here, Mirabilis's alternative claim fails under the stated restrictions.

Mirabilis has cited no express term of the Agreement that Hendricks has breached. The implied duty of good faith and fair dealing does not provide a basis for Mirabilis's breach of contract action as "the duty of good faith performance does not exist until a plaintiff can establish a term of the contract the other party was obligated to perform and did not." *Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 896 So.2d 787, 792 (Fla. 2d DCA 2005). Since Mirabilis has not alleged an express term of the contract was breached by Hendricks, the claim should be dismissed.

Additionally, Mirabilis improperly attempts to utilize the duty of good faith and fair dealing to override an express term of the Purchase Agreement.  As discussed above, the Purchase Agreement states that the loan was sold to Mirabilis "AS IS" with no representations and warranties other than as specifically recited in the Purchase Agreement.  (Dkt. 14, Exhibit 7, p. 3).  Mirabilis's unsupported claim that "pursuant to the Purchase Agreement … and associated documents" Hendricks made false representations and warranties (Dkt. 48, ¶19), cannot override this clear and express disclaimer.  Consequently, Count I should be dismissed for this reason as well.

### 4.    Count I fails to allege the essential element of damages and on that basis should be dismissed.

Further, Count I fails to allege that Mirabilis has suffered damages due to Hendricks's alleged breach.  The Court should dismiss a breach of contract claim "that lacks any statements of fact specifying how [the plaintiff] was injured by the Defendants' actions or how any alleged damages were caused by or even related to Defendants'" breach.  *Urquhart v. Manatee Memorial Hospital,* 2007 WL 781738 at *4 (M.D. Fla. 2007).  *See also, Haun v. Don Mealy Imports, Inc.*, 285 F. Supp.2d 1297, 1301 (M.D. Fla. 2003)(court may not assume plaintiff can prove facts he has not alleged.)

Mirabilis may contend[3] that paragraph 16 of its counterclaim constitutes an allegation sufficient to satisfy the requirement that the indispensible element of damages be pled.  Paragraph 16 states as follows:

---

[3]  As a general matter, the allegations of the counterclaim are so vague and ambiguous that Hendricks cannot reasonably be expected to respond to them.  Moreover, the counterclaim is a classic "shotgun pleading" in which each successive count of the counterclaim improperly incorporates all prior allegations.    *Wagner v. First Horizon*

> In or about May 2006, AEM discovered that a large portion of the Paradyme HR trade book of business was actually a drain upon cash and profitability, instead of a contributor to positive earnings. (Dkt. 48, p. 11)

However, the sale of the ABS "book of business" was to PSI, not to Mirabilis, and such sale occurred more than four years prior to the Mirabilis/Hendricks Purchase Agreement that is the basis of Count I.  To the extent damages are implied at all by paragraph 16, such damages could not have been caused by any alleged breach of the Purchase Agreement between Mirabilis and Hendricks.

Similarly, Mirabilis may argue that paragraph 17(b) of the counterclaim satisfies the requirement that Mirabilis plead damages.  Paragraph 17(b) states as follows:

> [T]he Hendricks used Mirabilis's acquisition of the ABS Purchase Debt and the Hendricks' position as a secured creditor of PSI to **potentially** place Mirabilis in the Hendricks' position as a "responsible person" for portions of the payroll tax liability of PSI, Presidion, and the ABS Companies, pursuant to 26 U.S.C. § 6672, by virtue of this position and their receipt of unremitted payroll tax monies used to reduce the ABS Purchase Debt …. (Dkt. 48, p. 11) (emphasis added)

On its face, paragraph 17(b) does not appear to relate at all to the Purchase Agreement or to any claim for damages as a result of an alleged breach thereof.  Rather, it appears that Mirabilis is making the remarkable allegation that due to its purchase from Hendricks of the secured promissory note, Mirabilis was somehow made potentially responsible for the payroll tax liability of PSI, Presidion, and the ABS companies.

---

*Pharmaceutical Corp.,* 464 F.3d 1273, 1279 (11th Cir. 2006). For both of these reasons, it is appropriate for this Court to order that a More Definite Statement pursuant to Rule 12(e) be filed. *See,* Fed. R. Civ. P. 12(e); *Anderson v. District Bd. of Trustees of Cent. Fla. Comm. College*, 77 F.3d 364, 366 (11th Cir. 1996)( shotgun pleadings should be cured by more definite statement).

However, as paragraph 17(b) hints at only "potential damage," it fails to alleged actual damage suffered by Mirabilis as required for a breach of contract claim.

Assuming arguendo that 17(b) conceivably asserts that Mirabilis has suffered actual damage due to its "potentially" being placed in a position where it could be held liable for the payroll tax liabilities of its debtors, there is still nothing in the counterclaim that alleges, either directly or indirectly, that this damage was caused by Hendricks's supposed breach of the Purchase Agreement.  As Mirabilis has alleged no damage that can, under the most liberal construction of the counterclaim, be construed as flowing from Hendricks's alleged breach of the Purchase Agreement, the claim for breach of contract should be dismissed.

**B.     Counts II, III and IV Are Subject to the Requirements of Rule 9(b) and Should Be Dismissed Because Each Fails to Allege Fraud With the Required Particularity.**

Count II (fraud), Count III (negligent misrepresentation) and Count IV (rescission) each rely upon the same set of operative facts.  However, as each of those counts is subject to the Federal Rule of Civil Procedure 9(b) requirement of pleading with particularity, and because there is a complete failure to plead with such particularity, Counts II, III and IV should be dismissed.

**1.     There are insufficient allegations of the circumstances of the supposed fraud and, therefore, Count I should be dismissed.**

Rule 9(b) of the Federal Rules of Civil Procedure requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  According to the Eleventh Circuit, Rule 9(b) requires that allegations of fraud include the following:

(1) precisely what false or fraudulent statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the Plaintiff; and (4) what the defendants obtained as a consequence of the fraud.

*U.S. ex rel. Mazur v. Government Business Services Group, LLC,* 2005 WL 1572281 at *4 (M.D. Fla. 2005), quoting *Brooks v. Blue Cross and Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1371 (11th Cir. 1997).   Rule 9(b) requires that allegations of fraud resemble the first paragraph of a newspaper article and describe the "who, what, when, where, and how" of the purported fraud.  *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990); *see also Bill Buck Chevrolet, Inc. v. GTE Florida, Inc.,* 54 F.Supp.2d 1127, 1136 (M.D. Fla. 1999) (to satisfy Rule 9(b), "pleading a predicate act with specificity [in a RICO case] requires the complaint to answer the familiar questions of "'who, where, when, how, and why.'")(citations omitted).

The allegations of fraud contained in the counterclaim utterly fail to comply with the Rule 9(b) requirements.   In reviewing the entire counterclaim, the following allegations appear to be the only allegations which relate at all to supposed fraud on the part of Hendricks.

Paragraph 17(a):

 [t]he purchase price for the ABS Companies was falsely inflated as a result of the Hendricks' misrepresentations of the amount of worker's compensation insurance deposits belonging to the ABS Companies prior to their purchase by PSI.  (Dkt. 48, ¶ 17(a))

Paragraph 23:

The Hendricks intentionally made false representations of material facts concerning the ABS Purchase debt which the Hendricks knew were false;

particularly, upon information and belief, the original purchase price for the ABS Companies, upon which the ABS Purchase Debt was based, was falsely inflated as a result of the Hendricks' misrepresentation of the amount of worker's compensation insurance deposits belonging to the ABS Companies prior to their purchase by PSI. (Dkt. 48, ¶ 23).

Paragraph 24[4]:

Upon information and belief, [T]he Hendricks used Mirabilis's acquisition of the ABS Purchase Debt and the Hendricks' position as a secured creditor of PSI to potentially place Mirabilis in the Hendricks' position as a "responsible person" for portions of the payroll tax liability of PSI, Presidion, and the ABS Companies, pursuant to 26 U.S.C. § 6672, by virtue of this position and their receipt of unremitted payroll tax monies used to reduce the ABS Purchase Debt … (Dkt. 48, p. 24)

Clearly, Mirabilis has failed to satisfy the pleading with particularity requirement of Rule 9(b).   The allegations do not identify any specific false statements made by Hendricks that misrepresented the amount of worker's compensation insurance deposits. The allegations fail to identify who made statements to whom, when they were made or where they were made.   There is no hint as to how statements presumably made in connection with the *2002 ABS sale* misled Mirabilis who did not become involved with PSI *until 2006*.   Nor is there any suggestion as to how Hendricks benefitted from the alleged fraud.   There is neither who, what, when, where, how nor why concerning the supposed fraud.  *See, Bill Buck Chevrolet, Inc.,* 54 F.Supp.2d at 1136.   Remarkably, the allegations of the counterclaim fail to touch upon any component of Rule 9(b) particularity identified by the Eleventh Circuit.   *Brooks* 116 F.3d at 1371.

This lack of particularity fails to inform Hendricks of the precise misconduct with which they are charged, which is the purpose of Fed. R. Civ. P. 9(b).  *See Durham v.*

---

[4] An allegation nearly identical to that set forth in paragraph 24 is alleged at paragraph 17(b) of the counterclaim.

*Business Management Assoc.*, 847 F.2d 1505, 1511 (11th Cir. 1988).   Consequently, Count I should be dismissed.

> **2.      Rule 9(b) applies to claims of negligent misrepresentation and Count III, therefore, suffers from the same lack of particularity defect.**

Mirabilis relies upon the same allegations to support both Count II and its claim for negligent misrepresentation in Count III.  (Dkt. 48, compare ¶¶ 30 and 32 to ¶¶ 23 and 24).  The Count II allegations similarly fail to satisfy the pleading requirements of Rule 9.  Because Rule 9 applies also to claims for negligent misrepresentation, Count III should also be dismissed.

In Florida, an "action for negligent misrepresentation sounds in fraud rather than negligence**."** *Souran v. Travelers Ins. Co.,* 982 F.2d 1497, 1511 (11th Cir.1993) (citations omitted). Hence, Rule 9(b)'s pleading requirements apply to actions involving claims for negligent misrepresentation. *See Harrison Enterprises, Inc. v. Moran,* No. 97-4362, 1999 WL 1211753, at *3 (S.D.Fla. Aug. 30, 1999) (recognizing that under Florida law, "an action for negligent misrepresentation sounds in fraud rather than negligence," and therefore the pleading requirements of Rule 9(b) apply); *Morgan v. W.R. Grace & Co.,* 779 So.2d 503, 506 (Fla.Dist.Ct.App.2000) (negligent misrepresentation, like fraud, must also be pled with specificity); Philip J. Padovano, FLORIDA PRACTICE SERIES CIVIL PRACTICE: RULES OF PLEADING § 7.7 (5th ed. 2007).  *See also, Pinellas Suncoast Transit Authority v. Mincom, Inc.,* 2007 WL 1222595, at *4-5 (M.D.Fla. 2007)(applying Rule 9(b) to negligent misrepresentation claim); *Advisors Capital Investments, Inc. v. Cumberland Casualty,* 2006 WL 1428490, at *3 (M.D.Fla. 2006)(same).

Accordingly, for all of the same reasons outlined in section II, B, 1, above, Count III of the counterclaim for negligent misrepresentation should also be dismissed.

> **3.** **Count IV relies completely upon the allegations supporting Counts I, II and III, and therefore should also be dismissed.**

Count IV of Mirabilis's counterclaim seeks to rescind the Purchase Agreement and other documents entered into between Hendricks and Mirabilis.  The remedy of rescission requested in Count IV is expressly "based upon the Hendricks' material and fraudulent representations as set forth in Counts I-III of this Counterclaim."  (Dkt. 48, ¶ 37)   Therefore, for the reasons set forth in sections II, B, 1 and 2, above, Count IV should also be dismissed for failure to plead with particularity in conformance with Rule 9(b).

> **4.** **Count IV fails to allege necessary elements of rescission.**

Count IV should be dismissed for failure to state a claim as it fails to plead the required elements for rescission.  To state a claim for rescission, facts must be pled to establish the following: (1) the relationship between the parties; (2) the existence of a contract; (3) fraud, mistake, false misrepresentations, impossibility of performance, or other ground for rescission; (4) that the party seeking rescission actually rescinded the contract and notified the other party accordingly; (5) if the moving party received benefits from the contract, that plaintiff attempted to restore those benefits; and, (6) that there is no adequate remedy at law.  *Belaire at Boca, LLC, v. Associations Insurance Agency, Inc.*, 2007 WL 1812218 at *4 (S.D. Fla. 2007) citing *Billian v. Mobil Corp.,* 710 So.2d 984, 990 (Fla. 4th DCA 1998)(further citations omitted).

Count IV fails to allege several of the required elements of rescission. First, Mirabilis alleges neither that it actually rescinded the contract, nor that it notified Hendricks of such rescission. Count IV fails to allege that Mirabilis has attempted to restore any benefits it received from the contract to Hendricks. Count IV does not allege that Mirabilis lacks an adequate remedy at law. These pleading failures are compounded by the fact that the supposed fraud relied upon by Mirabilis to support rescission is also not adequately pled under Rule 9(b). Accordingly, for all of these reasons, Count IV should be dismissed.

### C. Mirabilis's Affirmative Defenses 1 through 11 are Legally Insufficient, Conclusory Allegations Which Should Be Stricken.

Mirabilis has asserted eleven (11) affirmative defenses in response to the Amended Complaint. (Dkt. 48, pp.7-8). As alleged, the defenses fail to provide fair notice of the nature of the defenses to Hendricks, raise no relevant legal or factual questions, do not specify counts of the Complaint to which they apply, and are nothing more than bare bones, conclusory allegations. Accordingly, all of the defenses should be stricken under Rule 12(f).

### 1. The Affirmative Defenses fail to identify to which claim they purport to respond and should therefore be stricken.

The Court, upon motion, "may order stricken from any pleading any insufficient defense." Fed. R. Civ. P. 12(f). To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, where there is no showing of prejudice to the moving party. *Augustus v. Board of Public*

*Instruction,* 306 F.2d 862, 868 (5th Cir. 1962)[5].  However, while courts disfavor motions to strike affirmative defenses, they "are subject to the general pleading requirements of Rule 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations." *Home Management Solutions, Inc., v. Prescient, Inc.,* 2007 WL 2412834 at *1-2 (S.D. Fla. 2007).

As a general matter, all of the affirmative defenses should be stricken as none identifies to which claim or claims such defense applies.  Consequently, these defenses do not give fair notice to Hendricks.  *See Larson v. Correct Craft, Inc.*, 2005 WL 1902438 at *2 (M.D. Fla. 2005) citing *Byrne v. Nezhat,* 261 F.3d 1075, 1129 (11th Cir. 2001).  For this reason, Defenses 1 through 11 should be stricken.

> **2.      The First Defense fails to comply with Rule 9(b) and should be stricken on that basis.**

Mirabilis's First Defense alleges that Hendricks's claim for damages is precluded by their fraud as set forth in Mirabilis's Counterclaim. (Dkt. 48, p.7).  Rule 9(b)'s requirement that fraud be pleaded with particularity applies to affirmative defenses of fraud.  *See, Fed. R. Civ. P.* 9(b)(*all averments of fraud* … shall be stated with particularity)(emphasis added); *Lafayette Corp., Ltd., v. Bank of Boston International South*, 723 F.Supp.1461, 1467 (S.D. Fla. 1989)(applying Rule 9(b) to affirmative defense of fraud and striking such defense under Rule 12(f)).

As discussed in sections II, B, 1 and 2, above, Mirabilis's counterclaim completely fails to plead fraud with the particularity required by Rule 9(b).  Consequently, Mirabilis's

---

[5] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir.1981)* (en banc).

First Defense, which provides no other details regarding any alleged fraud, also fails to meet the particularity requirement of Rule 9(b), is insufficient as a matter of law and should be stricken.

> **3.** **The Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Eleventh defenses provide no facts to connect the theories of the respective defenses to the lawsuit and for that reason should be stricken.**

The Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Eleventh defenses do little more than state a legal theory.  Those defenses provide no facts whatsoever to indicate "how the theory is connected to the case at hand."  *Merrill Lynch Business Financial Services, Inc., v. Performance Machine Systems U.S.A, Inc.*, 2005 WL 975773 at *12 (S.D. Fla. 2005).   These defenses do not meet the general pleading requirements of Rule 8(a) and are nothing more than bare-bones conclusory allegations.

As a result, Hendricks is prejudiced due to the absence of "specificity or factual support" necessary to provide fair notice of the bases for the defenses.  *See Home Management Solutions, Inc., v. Prescient, Inc.,* 2007 WL 2412834 at *3-4 (S.D. Fla. 2007). An affirmative defense is subject to the same pleading requirements as the complaint. *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir.1999) (citing Fed.R.Civ.P. 8(e)). Although Fed.R.Civ.P. 8 clearly requires only notice pleading, a defendant must nevertheless plead an affirmative defense with enough specificity or factual support to give the plaintiff "fair notice" of the defense that is being asserted. *Id.*  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Bell Atl. Corp. v. Twombly,* --- U.S. ----, ----, 127

S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Mirabilis's defenses fail to provide this "fair notice" and for that reason should be stricken.

### 4.    The Third Defense similarly fails to provide "fair notice" of the defense and should be stricken.

Mirabilis's Third Defense provides minimal facts to relate to the defense theory of setoff to the case. However, the facts do not address or support the legal theory it advances for its defense. The defense is legally insufficient and should be stricken.

Mirabilis states that it is entitled to a recoupment or set-off for the damages caused as a result of the payroll taxes owed by ABS, Paradyme Brokers, or others. (Dkt. 48, p. 7). However, the counterclaim alleges that Hendricks (not Mirabilis) sold ABS to PSI in *2002*, more than four years before the commencement of Mirabilis's involvement with either PSI or Hendricks. (Dkt. 48, ¶¶ 5, 8, 9, 10)   Mirabilis articulates absolutely no legal theory to support why it is entitled to a setoff against what it owes Hendricks because companies that PSI bought from Hendricks years before allegedly today owe unpaid payroll taxes. Even if Mirabilis were to allege that the ABS companies may be claiming a right to a setoff because these companies allegedly owed taxes at the time they were purchased by PSI from Hendricks, Mirabilis gives no reason why it is  entitled to stand in PSI's shoes and obtain a setoff for itself.

Again, the vagueness of the defense is prejudicial to Hendricks as it fails to provide fair notice of the basis for the defense. *See, Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir.1999)(affirmative defenses must give fair notice of the defense). This inhibits Hendricks's ability to meaningfully respond to the defense in motion practice and at trial. Therefore, the Third Defense should be stricken.

5.    **The Tenth Defense is facially insufficient and should also be stricken.**

Mirabilis's Tenth Defense (Dkt. 48, p.8), that Hendricks has failed to state a claim for relief, is no more than a recitation of the standard for dismissal under Rule 12(b)(6). Such a bare-bones conclusory allegation fails to notify plaintiffs of the deficiencies in the complaint and is a legally insufficient affirmative defense. *See, Merrill Lynch Business Financial Services, Inc., v. Performance Machine Systems U.S.A.,* 2005 WL 975773 at *11 (S.D. Fla. 2005)(striking identical affirmative defense under Rule 12(f)).   Moreover, this defense, like all of Mirabilis's affirmative defenses, fails to provide facts or connection to the case sufficient to afford Hendricks "fair notice" of the defense.   Therefore, the Tenth Defense should also be stricken.

## III.    CONCLUSION

For all of the foregoing reasons, Counts I, II, III and IV of Mirabilis's counterclaim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.   In addition, all Mirabilis's affirmative defenses are legally insufficient, and should be stricken under Rule 12(f).

## Local Rule 3.01(g) Certification

The undersigned certifies that with respect to the Motion to Strike Affirmative Defenses, the undersigned has attempted to confer with counsel for Defendant, Mirabilis Ventures, Inc., but counsel was not available.   The undersigned will supplement this certification pursuant to Local Rule 3.01(g) after such conference takes place.

Respectfully submitted,

BARNETT, BOLT, KIRKWOOD,
LONG & MCBRIDE

s/ Charles A. Carlson
Charles A. Carlson, Esq.
Florida Bar # 716286
Post Office Box 3287
Tampa, Florida 33601-3287
813-253-2020
813-251-6711 – Facsimile
CCarlson@barnettbolt.com
Florida Counsel for the Plaintiffs

and

Morris J. "Mo" Brooks, Jr.
LEO & BROOKS, LLC
200 Randolph Ave., Suite 200
Huntsville, AL  35801
256-539-6000
256-539-6024 - Facsimile
mbrooks@leo-law.com

Trial Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Aaron C. Bates, Esq.
Goldberg Bates, PLLC
3660 Maguire Boulevard, Suite 102
Orlando, FL  32803
407-893-3776
407-893-3779 – Facsimile
abates@goldbergbates.com

William J. Judge Jr., Esq.
Bavol Judge, P.A.
Post Office Box 1440
Tampa, FL 33601-1440
813-221-7111
813-221-7112 - Facsmile
BillJudge@BavolJudge.com
Attorneys for Presidion Corporation,

Kurt E. Thalwitzer, Esq.
Mateer & Harbert, P.A.
Post Office Box 2854
Orlando, FL 32802-2854
407-425-9044
407-423-2016 – Facsimile
kthalwitzer@mateerharbert.com
Attorneys for Presidion Solutions, Inc.

J. Russ Campbell, Esq.
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203
205-226-3438
205-488-5859-Facsimile
rcampbell@balch.com
Attorneys for Mirabilis Ventures, Inc.

Craig A. Vanderburg, and James E.
Baiers

J. Scott Gunn, Esq.
J. Scott Gunn, P.A.
Bank of America Tower
1 Financial Plaza, Suite 2500
Ft. Lauderdale, FL 33394-0002
954-462-1323
954-462-1335 - Facsimile
scott@jscottgunn.com
Attorneys for John W. Burcham II

s/ Charles A. Carlson
Attorney