IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH A. HENDRICKS,
DIANE M. HENDRICKS, and
AMFINITY CAPITAL, LLC,

      Plaintiffs,

vs.                                                                              CASE NO.: 8:07-CV-661-T-17EAJ

MIRABILIS VENTURES, INC.,
PRESIDION CORPORATION,
PRESIDION SOLUTIONS, INC.
CRAIG A. VANDERBURG,
JAMES E. BAIERS, and
JOHN W. BURCHAM, II,

      Defendants.

---

### DEFENDANT MIRABILIS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT MIRABILIS' COUNTERCLAIMS AND TO STRIKE AFFIRMATIVE DEFENSES AND MEMORANDUM OF LAW IN SUPPORT

Defendant, Mirabilis Ventures, Inc. ("Mirabilis") responds to Plaintiffs' Motion to Dismiss Mirabilis' Counterclaims and to Strike Affirmative Defenses as follows:

On November 2, 2007, Mirabilis filed an amended answer, counterclaims and affirmative defenses. The document filed by Mirabilis was a proper notification to this court, and to all parties of the harm, damages and resulting claims arising out of the Plaintiffs' wrongdoing. The 37 paragraphs of the counterclaim include specific facts describing the wrongdoing and the damages that Mirabilis has suffered as a result. This

is not a "shotgun pleading", despite Plaintiffs efforts to characterize it as such.[1] On the contrary, Mirabilis' counterclaims are concerned only with the fact that Plaintiffs grossly misrepresented the value of the companies when they sold them to Presidion, and when they later sold a note to Mirabilis that was secured by those companies. Although the counterclaim specifies several legal consequences of the misrepresentations, the entire document is still concerned only with the misrepresentations themselves.

Plaintiffs now ask the Court to dismiss all of Mirabilis' counterclaims under Rule 12(b)(6) and to strike Mirabilis' affirmative defenses under Rule 12(f), under the guise that Mirabilis did not provide enough facts in its amended answer, counterclaims, and affirmative defenses. The Court should deny this motion because each of Mirabilis' counterclaims easily meets the "notice pleading" requirement necessary to pursue a claim or counterclaim in federal court, the counts alleging fraud were plead with adequate particularity, and each of the affirmative defenses provide the Plaintiffs with more than adequate notice of the nature of those defenses.

### I. Counterclaim Count I States a Proper Claim for Relief

Rule 12(b)(6) provides that a claim may be dismissed if it "fail[s] to state a claim upon which relief can be granted." This Court has previously explained that

> [t]he <u>threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low</u>. Federal Rule of Civil Procedure 8 outlines the standard by which the adequacy of pleadings are to be judged. Rule 8(a)(2) requires the Plaintiff to provide in the complaint a "short and plain statement of the claim showing that the

---

[1] Black's Law Dictionary defines a "shotgun pleading" as "a pleading that encompasses a wide range of contentions, usually supported by vague factual allegations." The cases cited by Plaintiffs describe a shotgun pleading as one where all facts are alleged generally, and the individual counts are of the complaint include little more than a reference to the previously described facts. *E.g. Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense.") That is not the case here. Furthermore, the cure prescribed by those cases is a motion for more definite statement—a motion that Plaintiffs have not made here.

> pleader is entitled to relief." The plaintiff <u>need not set forth all the facts upon which the claim is based</u>; rather, a short and plain statement is sufficient if it gives the Defendant fair notice of what the claim is and the grounds upon which it rests. In addition to Rule 8(a), Rule 8(e)(1) states that each "averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."
>
> Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the Federal pleading rules. These rules reflect the basic philosophy of the Federal Rules that <u>simplicity, flexibility, and the absence of legalistic technicality are the touchstones of a good procedural system</u>. The true test of the sufficiency of the complaint is whether it provides adequate notice to Defendant to make Defendant aware of the basis of the claims. The theory is that <u>more detailed information should be developed through the discovery process</u>.

*Krehling v. Baron*, 900 F. Supp. 1574, 1576-77 (M.D. Fla. 1995) (emphasis added, and internal citations omitted); *accord IFC Credit Corp. v. Century Realty Funds, Inc.*, No. 8:05-CV-678, 2006 WL 435695, *2 (M.D. Fla. Feb. 21, 2006) ("A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the proponent can prove no set of facts that support a claim upon which relief can be given.") (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). "[W]hen a federal court reviews a complaint's sufficiency, the issue is not whether the plaintiff will ultimately emerge victorious, but whether the claimant is entitled to evidence to support the claims." *Talib v. Skyway Commc'n Holding Corp.*, No. 8:05-CV-282, 2005 WL 1610707 (M.D. Fla. July 7, 2005).

The parties have both acknowledged in recent pleadings that discovery in this case is still in its infancy—but the Plaintiffs are asking the Court to rule on this counterclaim now under rule 12(b)(6). The allegations contained in Counterclaim Count I more than adequately meet the flexible "notice pleading" requirements of Rule 8 and,

by the tenor of their motion, it is obvious that Plaintiffs are aware of the nature of Mirabilis' claims against them. Rule 8 should also be interpreted in light of modern discovery procedures. Discovery serves an important purpose in our court system, and parties should be expected to develop greater support for their claims as discovery progresses. Under notice pleading, cases do not have to be "proven" on the day they are filed. *See Williams v. United Credit Plan, Inc.*, 526 F.2d 713, 714 (5th Cir. 1976) ("Neither 'notice pleading' requirements nor the standards which govern dismissals under Rule 12(b)(6) require a claimant to set out in detail the facts upon which he bases his claim."); *see also Meyer v. Everson*, No. 5:05-CV-518, 2006 U.S. Dist. LEXIS 63914, *3 (M.D. Fla. Sept. 7, 2006) ("In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that '[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate.' Thus, if a complaint 'shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it ask for the proper relief,' it is sufficiently plead.")

Furthermore, Mirabilis' allegations are already finding support, even at this early stage, through the discovery process. During the depositions of the three individual Defendants, each testified that misrepresentations regarding the value of their companies had been made by the Plaintiffs. *See* Deposition of James Baiers, p. 118; Deposition of Craig Vanderburg, p. 32; Deposition of John Burcham, pp. 56-57 (excerpts collectively attached as Exhibit A).[2] Because Counterclaim I states a cause of action on which relief

---

[2] Mirabilis intends to seek leave to amend its counterclaim to provide more facts and details as they become available.

may be granted, and provides more than adequate notice to the Plaintiffs, the Court should deny Plaintiffs' 12(b)(6) motion.

### a. Count I Alleges a Breach of Plaintiffs' Express Warranties

As Plaintiffs acknowledge in their brief, the factual allegations of a claim must be accepted as true for purposes of a 12(b)(6) motion. *See D.P. ex rel. E.P. v. School Bd. of Broward County*, 483 F.3d 725, 728 (11th Cir. 2007). Furthermore, "in reviewing a motion for failure to state a cause of action, this Court cannot rule on disputed issues." *United States v. Gov't Bus. Serv. Group, LLC.*, No. 8:02-CV-450, 2005 WL 1572281, *3 (M.D. Fla. June 30, 2005). In Counterclaim Count I, Mirabilis alleges that the Plaintiffs breached the purchase agreement by making false and misleading warranties about the status and profitability of their former companies. Those companies secured the debt that Plaintiffs sold to Mirabilis under the purchase agreement. In the purchase agreement, the Plaintiffs expressly represent to Mirabilis that Presidion Solutions, Inc. ("Presidion") received consideration for the note when Presidion purchased the Plaintiffs' companies. *See* Purchase Agreement, ¶ 2(A) (Exhibit 7 to the Amended Complaint). Furthermore, Plaintiffs represented that a particular sum was "due" under the note that it was selling to Mirabilis. *See id.*, ¶ 2(E). But the Plaintiffs had misrepresented to Presidion the value of the companies originally sold to them under the note—there is an ongoing dispute between all the parties as to the consideration received by Presidion and the amount "due" for the original sale of these companies. *See, e.g.,* Counterclaims, ¶¶ 7, 12, 13, 16, & 17; Complaint ¶¶ 11-29.

The Plaintiffs' original representations about the status and value of the companies are part and parcel to their warranty of the consideration provided to Presidion and the amount "due" expressed in the purchase agreement they executed with Mirabilis. Thus, the "plain wording contained in the purchase agreement" does not negate Mirabilis' claims. Rather, it is this very language of the purchase agreement that the Plaintiffs breached by their misrepresentations.

### b. Mirabilis Was Damaged by Plaintiffs' Actions Described in Count I

Plaintiffs' next argument with respect to Count I of the counterclaim is simply that Mirabilis was not damaged, or did not explicitly state it was "damaged", by Plaintiffs' breach of contract. However, the damage Mirabilis suffered as a result of Plaintiffs' wrongful conduct is readily apparent throughout the Counterclaim. To require a formalistic statement that "Mirabilis was damaged" would be a departure from the relaxed pleading standards of Rule 8. *See Krehling*, 900 F. Supp at 1577 ("These rules reflect the basic philosophy of the Federal Rules that simplicity, flexibility, and the absence of legalistic technicality are the touchstones of a good procedural system."). The damages suffered by Mirabilis—when it purchased a debt secured by companies that are worth far less than purported—are obvious from the context of the counterclaims.

### c. The Allegations that Plaintiffs Breached their Duty of Good Faith and Fair Dealing are Proper

Mirabilis' allegations concerning Plaintiffs' breach of their duty of good faith and fair dealing are valid and appropriate under Florida law. In Florida, a breach of the

implied covenant of good faith and fair dealing must be linked to the breach of an express term of a contract. *See Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1291 (11th Cir. 2001) ("[R]ather than serving as an independent term within a contract, the implied covenant attaches to the performance of specific contractual obligations."); *see also Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 896 So. 2d 787, 792 (Fla. 2d DCA 2005). Having already alleged that Plaintiffs breached two express warranties of the purchase agreement—as discussed above—Mirabilis has also alleged a breach of the implied duty of good faith and fair dealing, as it is entitled to do under Florida law.

**II.    Counterclaim Counts II-IV Adequately Plead a Cause of Action for Fraud or Negligent Misrepresentation**

This Court has explained that Rule 9(b) "provides 'that the circumstances constituting fraud or mistake shall be stated with particularity'.... <u>The particularity requirement, however, must not be construed to 'abrogate the concept of notice pleading.</u>'" *Morgan Beaumont, Inc. v. First Nat'l Bank of Cent. Texas*, No. 8:03-CV-2449, 2005 WL 1667679, *3 (M.D. Fla. July 11, 2005) (emphasis added). "The purpose behind 9(b) is to provide the defendant with enough information so that they can respond to the specific allegations against them." *Talib v. Skyway Commc'n Holding Corp.*, No. 8:05-CV-282, 2005 WL 1610707, *5 (M.D. Fla. July 7, 2005) (fraud claims were sufficiently "particular" even though they failed to identify the person making the fraudulent statements). Furthermore, "[i]n the case of allegations of widespread fraud, courts will adhere to a relaxed standard. Courts will only apply this relaxed standard,

however, when the plaintiff alleges that the necessary information lies within the defendant's control and includes a statement of facts upon which the allegations are based." *Id.* at *4 (internal quotations omitted).

The fraud in this case is not isolated to one or two discrete statements made by the Plaintiffs. The Plaintiffs began misrepresenting the value of the ABS companies prior to their initial sale to PSI, and continued to do so through the later sale of the note that was secured by those companies. This is clearly "widespread fraud". Because discovery in this case is still in its infancy, Mirabilis expects to uncover specific and precise instances of these fraudulent misrepresentations as the case matures. Specifically, Mirabilis expects to uncover evidence of these instances during depositions and paper discovery directed to the plaintiffs and others.

Within the body of the counterclaim, however, Mirabilis included a four page, seventeen paragraph, "statement of facts" regarding the fraud. *See, e.g.,* Counterclaim ¶¶ 7, 12, 23, 25, 27, 30, 31, & 36. This is more than sufficient to meet the pleading requirements of Rule 9. *See IFC Credit Corp. v. Century Realty Funds, Inc.*, No. 8:05-CV-678, 2006 WL 435695, *3 (M.D. Fla. Feb. 21, 2006) ("Century Realty clearly does not have all the facts surrounding NorVergence's business activities and its relationship with IFC. <u>Proper and complete discovery will reveal these facts and allow the parties to better assess their legal positions</u>.... By pleading as it has, Century Realty has met the minimum threshold under the Federal Rules of Civil Procedure for establishing a claim for common law fraud.") (emphasis added).

As can be seen from a reading of the allegations of fraud quoted by Plaintiffs' in their motion, Mirabilis has pled fraud with the required particularity. The paragraphs quoted by the Plaintiffs are clear as to who made the misrepresentations, what the subject matter of the misrepresentations was, when the misrepresentations were made, and to whom. As stated earlier, still more detail is expected to come out during the discovery process. Accordingly, the Court should deny Plaintiffs' Rule 9 motion.

### III.  Affirmative Defenses

#### a. *Plaintiffs' Motion to Strike Defenses One Through Ten is Untimely*

As a preliminary matter, Plaintiffs' objections to affirmative defenses one through ten are untimely. Rule 12(f) provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party <u>within 20 days after the service of the pleading upon the party</u> … the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f) (emphasis added); *accord Sakolsky v. Rubin Mem'l Chapel, LLC*, No. 07-80354-CIV, 2007 WL 3197530, *2 (S.D. Fla. Oct 26, 2007) ("Plaintiffs filed their Motion to Strike over three months after Defendants' filed their Answer. Therefore, Plaintiff's <u>Motion to Strike is untimely and I will deny it</u>.") (emphasis added). Mirabilis originally pled its affirmative defenses on May 30, 2007. Because the federal rules do not allow for a responsive pleading to an answer, the Plaintiffs had twenty (20) days after being served to file a motion to strike defenses one through ten. They did not do so during that timeframe. Affirmative defenses one through ten were identically reproduced

in Mirabilis' amended answer and counterclaims and the Plaintiffs only now have objected to the affirmative defenses that were properly asserted more than five months earlier. Therefore, Plaintiffs' motion to strike defenses one through ten is untimely, and should be denied.

### b. Mirabilis' Affirmative Defenses are Proper Under the Notice Pleading Standard

Even if this Court entertains Plaintiffs' motion to dismiss the affirmative defenses, the motion should be denied because each of the defenses is directly relevant to this controversy, and because Plaintiffs will not be prejudiced by the manner in which these defenses have been pled. Plaintiffs themselves have acknowledged that motions to dismiss affirmative defenses are disfavored. *See* Plaintiffs' Motion to Dismiss at 16. This Court has previously described Rule 12(f) as follows:

> Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter. To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. Moreover, striking a defense is a drastic remedy which is disfavored by the courts. <u>A court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party</u>.... An affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove.

*IFC Credit Corp. v. Century Realty Funds, Inc.*, No. 8:05-CV-678, 2006 WL 435695, *3 (M.D. Fla. Feb. 21, 2006) (emphasis added).

> Striking an affirmative defense is appropriate only where the defense is insufficient as a matter of law. "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." Also, <u>the court should keep in mind that "the defendant should be encouraged to plead a defense affirmatively if there is any doubt as to his ability to put the matter in issue under a denial</u>."

*FTC v. Rawlins & Rivera, Inc.*, No. 6:07-CV-146, 2007 WL 1730091, *2 (M.D. Fla. June 14, 2007) (quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976) and 5 Wright & Miller, Federal Practice and Procedure § 1278) (emphasis added).

The Plaintiffs do not dispute that the defenses are relevant and related to this controversy, nor do they claim any of these defenses will confuse the issues. Rather, Plaintiffs' objections all focus on the claimed brevity of the defenses and a supposed lack of notice to the Plaintiffs. In support of this argument, Plaintiffs' cite *Woodfield v. Bowman*, 193 F.3d 354 (5th Cir. 1999). But the Fifth Circuit was not addressing a Rule 12(f) motion in *Woodfield*—rather, it was examining (on appeal) whether a "bare bones" affirmative defense raising "the doctrines of accord and satisfaction, transaction and compromise, waiver and/or release" gave sufficient notice to preserve a separate and distinct affirmative defense recognized by Mississippi law when an insured fails to obtain the insurer's consent prior to negotiating a settlement. *Id.* at 361-62. The portion of this case quoted by the Plaintiffs was not directed towards Rule 12(f) inquiries. It only asked whether a properly-pleaded "bare bones" defense was sufficient to preserve a separate and specific defense raised in a later stage of the trial. *Id.* at 362. In fact, the Fifth Circuit

expressly acknowledged in *Woodfield* that "in some cases, merely pleading the name of the affirmative defense ... may be sufficient." *Id.*

Plaintiffs also cite *Merrill Lynch* to support their "lack of notice" argument. There, the Southern District of Florida struck several "bare bones" defenses under 12(f). *See Merrill Lynch Bus. Fin. Serv. Inc. v. Performance Mach. Sys. U.S.A. Inc.*, No. 04-60861-CIV, 2005 WL 975773 (S.D. Fla. March 4, 2005). However, this Court (and others) has often held that even bare defenses provide sufficient notice to survive a rule 12(f) challenge. *See, e.g., Chicago Title Ins. Co. v. Commonwealth Forrest Inv. Inc.*, No. 3:06-CV-1082, 2007 WL 201096 (M.D. Fla. Jan 24, 2007) (affirmative defense stating only that "Plaintiff's claims are barred in whole or in part by laches" was "sufficient to meet the pleading standards of Fed.R.Civ.P. 8 and put Plaintiff on notice of the nature of the defense.")

The question of whether an affirmative defense provides sufficient notice, or pleads fraud with sufficient particularity, is not limited to the language of the enumerated defense—the court may consider the entire complaint. *See Talib v. Skyway Commc'n Holding Corp.*, No. 8:05-CV-282, 2005 WL 1610707, *5 (M.D. Fla. July 7, 2005) (there is no requirement that all factors or elements must be in the same section of the document). Thus, Plaintiffs' objections to the first affirmative defense should be considered alongside the Rule 9 argument discussed above. Similarly, the remaining defenses must be read in context with the entire complaint. When read in context, all of Mirabilis' affirmative defenses yield more than adequate notice to the Plaintiffs and are

obviously related to the controversy. Accordingly, the Court should deny the Plaintiffs' motion to strike under Rule 12(f).

Dated this 30th day of November, 2007.

Respectfully submitted,

s/ Aaron C. Bates
By: Counsel for Defendant Mirabilis Ventures, Inc.

**Of Counsel:**

Aaron C. Bates, Esq.
Goldberg Bates, PLLC
Florida Bar No. 011749
3660 Maguire Boulevard
Suite 102
Orlando, FL 32803
Telephone: (407) 893-3776
Facsimile: (407) 893-3779
abates@goldbergbates.com

J. Russ Campbell
BALCH & BINGHAM LLP
Florida Bar No. 901423
1710 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 226-3438
Facsimile: (205) 488-5859
rcampbell@balch.com

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 30th, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties named on the attached Service List or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

s/ Aaron C. Bates<br>
Aaron C. Bates

## SERVICE LIST

LEO AND ASSOCIATES
Morris J. Brooks, Jr., Esq.
200 Randolph Avenue
Suite 200
Huntsville, AL 35801
(256) 539-6000
(256) 539-6024 – Facsimile
mbrooks@leo-law.com

Trial Counsel for Plaintiffs

BAVOL JUDGE, P.A.
William J. Judge, Jr., Esq.
Florida Bar # 426296
Post Office Box 1440
Tampa, FL 33601-1440
(813) 221-7111
(813) 221-7112 – Facsimile
BillJudge@BavolJudge.com

Attorneys for Presidion Corporation, Craig A. Vanderburg and James E. Baiers

MATEER & HARBERT, P.A.
Kurt E. Thalwitzer
Florida Bar # 816299
220 East Robinson Street, Suite 600
Post Office Box 2854
Orlando, FL 32802-2854
(407) 425-9044
(407) 423-2016 – Facsimile

Attorneys for Presidion Solutions, Inc.

BARNETT, BOLT, KIRKWOOD, LONG & MCBRIDE
Charles A. Carlson, Esq.
Florida Bar # 716286
Post Office Box 3287
Tampa, FL 33601-3287
(813) 253-2020
(813) 251-6711 – Facsimile
ccarlson@barnettbolt.com

Local Counsel for Plaintiffs

John Burcham, II,
34 Isla Bahia Drive
Ft. Lauderdale, FL 33316
(954)270-9900

*Pro Se* Defendant