UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH A. HENDRICKS,
DIANE M. HENDRICKS, &
AMFINITY CAPITAL, LLC

    Plaintiffs,

v.                                                 Case No.: 8:07-CV-661-T-17EAJ

MIRABILIS VENTURES, INC.,
et al.,

    Defendants.
_____/

## ORDER

Before the court is Plaintiffs' **Motion to Compel Full and Complete Responses to Plaintiffs' First Set of Interrogatories** (Dkt. 45) and Defendant Mirabilis Ventures, Inc.'s **Response** (Dkt. 47). Plaintiff's Motion is granted in part for the reasons set forth herein.

Plaintiffs move to compel more complete responses to Interrogatories 2 through 11 of its First Set of Interrogatories directed to Mirabilis. The interrogatories at issue are contention interrogatories that seek the factual bases supporting Mirabilis' affirmative defenses. Further, the interrogatories seek the identity of any individual with knowledge of facts supporting Mirabilis' affirmative defenses, as well as the nature and scope of the individual's knowledge. Plaintiffs contend that Mirabilis' objections are improper, its responses evasive, and its conduct sanctionable under Rule 37, Federal Rules of Civil Procedure.

Mirabilis' response to each interrogatory at issue reads as follows:

> Mirabilis objects to this Interrogatory as vague and overbroad with regard to the request for "the entire factual basis." Furthermore, discovery in this case is in its infancy and Mirabilis has not yet had the opportunity to discover all of the facts.

> Subject to and without waiving any objections, see the Response to Interrogatory #1 and Mirabilis's Responses to Requests for Production.

(Dkt. 45 at 4, 6-13).[1] Mirabilis' response and supplemental response to Interrogatory Number 1 list individuals who Mirabilis represents have knowledge of the case. According to Mirabilis, its responses are complete because discovery in the case is in its early stages.

Rule 33, Federal Rules of Civil Procedure, provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2).[2] When used correctly, contention interrogatories "can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery." Suncast Techs., L.L.C. v. Patrician Products, Inc., No. 07-80414-CIV, 2008 WL 179648, *10 (S.D. Fla. Jan. 17, 2008) (citing Fed. R. Civ. P. 33, Advisory Committee's Note to 1970 Amendment of Subsection (b)).

However, as cautioned in the *Middle District Discovery* handbook,

> Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions. Interrogatories that purport to require a

---

[1] The court notes that a response that answers an interrogatory by reference to an extrinsic matter is ordinarily insufficient. See Morock v. Chautauqua Airlines, Inc., No. 8:07-CV-210-T-17MAP, 2007 WL 4247767, **1-2 (M.D. Fla. Dec. 3, 2007) (discussing the appropriate manner to answer an interrogatory when referring the party to an extrinsic matter such as a deposition or document identified in a request for production).

[2] The Federal Rules of Civil Procedure were amended December 1, 2007, during the pendency of the instant motion. Accordingly, the court considers the motion under the amended rules.

> detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive.

*Middle District Discovery* (2001) at 16; see also Oliver v. City of Orlando, No. 6:06-CV-1671-ORL-31DAB, 2007 WL 3232227, **3-4 (M.D. Fla. Oct. 31, 2007); Freedman v. Lincoln Nat'l Life Ins. Co., No. 3:05-CV-81-J-12HTS, 2005 WL 2850307, *1 (M.D. Fla. Oct. 31, 2005).[3]

Plaintiffs' interrogatories narrowly target Mirabilis' affirmative defenses and do not tread on any other claim or contention raised by Mirabilis. Plaintiffs do not seek a detailed narrative of Mirabilis' case but rather appropriately seek the application of law to fact. The court finds the interrogatories to be proper based on the circumstances in this case.

Also without merit is Mirabilis' contention that it cannot answer Plaintiffs' interrogatories because it has not yet had an opportunity to discover all of the facts. "That this case is at an early stage does not grant [Mirabilis] license to decline to answer the Interrogatory altogether." Titre v. S.W. Bach & Co., No. 05-80077-CIV-MARRA/SELTZER, 2005 WL 1692508, * 3 (S.D. Fla. July 20, 2005). Rather, because of Rule 26(e)'s duty to supplement discovery responses, Mirabilis should have responded to the contention interrogatories by informing Plaintiffs of the current bases for its asserted affirmative defenses, with the intention of supplementing its responses at a later date. See id. at ** 1, 3 (determining that a response with later supplementation is the preferred course of action when a party faces contention interrogatories during the infancy of litigation).[4]

---

[3] Unlike the subject interrogatories here, the contention interrogatories at issue in Oliver and Freedman raised concerns about overbreadth and intrusion into protected work-product.

[4] As noted by the Titre court, if a defendant lacks a factual basis for an affirmative defense at the time it is raised, the defendant violates Rule 11, Federal Rules of Civil Procedure. 2005 WL 1692508 at *3 n.4. Therefore, when the affirmative defenses were asserted, Mirabilis must have had an adequate factual basis to support these defenses.

Further, Mirabilis is not precluded from supplementing its current answers and concedes that it will do so once document review is substantially complete (Dkt. 47 at 3). Therefore, no impediment exists to preclude Mirabilis from answering Plaintiffs' interrogatories to the best of its ability based on information it currently knows and supplementing at a later date as more information becomes available through discovery.[5]

As to Plaintiffs' requests that Mirabilis be compelled to disclose individuals' knowledge of the facts supporting Mirabilis' affirmative defenses, these requests are denied. Although the identity and location of persons having knowledge of discoverable matter is appropriate in scope under Rule 26(b)(1), a party "cannot be required to state under oath all the knowledge that a witness may have." Zimmerman v. Atlanta Hawks, Ltd., No. 1:88-CV-2798-WCO, 1990 WL 58462, *4 (N.D. Ga. Jan. 31, 1990) (discussing Lunn v. United Aircraft Corp., 25 F.R.D. 186 (D. Del. 1960)). Mirabilis has met the requirement of Rule 26(b)(1) by providing Plaintiffs with a supplemental list of the identity and locations of persons having discoverable information about the allegations or defenses. Accordingly, Plaintiffs' argument that Mirabilis' response is evasive in this aspect is without merit.

Upon consideration, it is **ORDERED AND ADJUDGED** that

(1) Plaintiff's Motion to Compel (Dkt. 45) is **GRANTED** to the extent that Mirabilis is directed to provide more complete responses to Plaintiffs' Interrogatories 2 through 11 within twenty (20) days consistent with this order. All other relief requested is denied.

**DONE AND ORDERED** in Tampa, Florida on this 13th day of February, 2008.

---

[5] If, upon further review, Defendant wishes to withdraw an affirmative defense, the discovery request as to that affirmative defense would be rendered moot.

_____
ELIZABETH A JENKINS
United States Magistrate Judge